■ In the Matter of SAVE THE PINE BUSH, INC., et al., Petitioners, v MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents. (Proceeding No. 1.) In the Matter of SAVE THE PINE BUSH, INC., et al., Appellants, v THOMAS C. JORLING, as Commissioner of the State Department of Environmental Conservation, et al., Respondents. (Proceeding No. 2.) [606 NYS2d 818] —Mercure, J. Proceeding (No. 1) pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Environmental Conservation which granted respondent City of Albany a permit to construct a landfill.

Appeal from a judgment of the Supreme Court (Cobb, J.), entered November 23, 1992 in Albany County, which dismissed petitioners' application, in a proceeding (No. 2) pursuant to CPLR article 78, to review a determination of respondent Commissioner of Environmental Conservation granting respondent City of Albany a permit to operate a landfill.

In August 1986, respondent City of Albany applied to respondent Department of Environmental Conservation for permission to construct a landfill adjacent to its existing Rapp Road landfill on a 36-acre site in the area known as the Pine Bush. The Department, as the lead agency under the State Environmental Quality Review Act (ECL art 8), issued a positive declaration and the City accordingly prepared a draft environmental impact statement (hereinafter DEIS). The DEIS included a study that evaluated the minimum acreage necessary to preserve the Pine Bush ecology and included discussion of the procedure by which the City proposed to fund the necessary acquisitions to complete the preserve area (see, Matter of Save the Pine Bush v Common Council, 188 AD2d 969).

Respondent Commissioner of Environmental Conservation directed that a construction permit be issued, finding that the project would entail neither a taking nor the destruction of critical habitat so that 6 NYCRR former 360.8 (b) and ECL 11-0535 were inapplicable, and that the mitigation plans envisioned by the City minimized environmental impact to the maximum extent practicable. Petitioners commenced proceeding No. 1 to challenge the Commissioner's grant of the construction permit in June 1990, contending, inter alia, that the City's DEIS failed to sufficiently analyze the design and acquisition of the proposed preserve. Supreme Court transferred that proceeding to this Court pursuant to CPLR 7804 (g).

In October 1991, the Department issued the permit to operate the landfill. The Department determined that the City had substantially complied with the conditions of the permit to construct, including the submission of a long-range solid waste management plan and a detailed plan for acquisition of the necessary preserve lands, together with identification of the source of funds for the necessary acquisitions. Petitioners commenced proceeding No. 2 to challenge the grant of the permit to operate, contending that the City had failed to meet the conditions of the permit to construct, which were conditions precedent to the grant of the permit to operate. Supreme Court dismissed the petition on its merits. Petitioners appeal.

We agree with respondents that, given the fact that the landfill has been constructed and in operation since November 1991, the proceedings are moot. As to proceeding No. 1, the parties agree that the landfill has been constructed and that the construction permit expired as of March 1991. Accordingly, any relief granted by this Court as to the validity of the Commissioner's determination in issuing the construction permit will have no effect upon the rights of the parties *(see, Matter of Stockdale v Hughes,* 189 AD2d 1065; *Matter of Harbour v Riedell,* 172 AD2d 920; *Matter of Burns Pharmacy v Conley,* 146 AD2d 842). As to proceeding No. 2, the landfill has been operating under the operation permit issued by the Department since November 1991 and is to stop operating in 1994. Petitioners failed to seek a stay pending appeal and the City has expended millions of dollars on the project and has contractual arrangements with 13 municipalities for the use of the landfill. Petitioners' failure to make sufficient efforts to safeguard their rights, together with the two-year operation of the landfill and the other circumstances involved here, compel dismissal of proceeding No. 2 *(see, Matter of Stockdale v Hughes, supra; Matter of New Scotland Ave. Neighborhood Assn. v Planning Bd.,* 142 AD2d 257; *Matter of Serafin v Wallace,* 117 AD2d 926). Nor have petitioners made any showing that this controversy falls within any recognized exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-715).

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Adjudged that the petition in proceeding No. 1 is dismissed, as moot, without costs. Ordered that the appeal in proceeding No. 2 is dismissed, as moot, without costs.