■ In the Matter of PAUL FALLATI, Appellant, v TOWN OF COLONIE et al., Respondents. [634 NYS2d 784] —Peters, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered October 6, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Stewart's Ice Cream Company, Inc. had been endeavoring since January 1993 to construct a convenience store on prop-

erty adjacent to petitioner's property on Sand Creek Road in the Town of Colonie, Albany County. In August 1993, Stewart's applied to the Building Department of respondent Town of Colonie for commercial zoning verification approval. By determination dated October 13, 1993, the Building Department granted the application finding that the proposed use of the site constituted a convenience store.

On April 24, 1994, petitioner's application for access to all public records with respect to this property was approved. At such time, petitioner became aware of the October 13, 1993 determination and thereafter had counsel send a letter, dated April 26, 1994, to the Town Planning Board voicing petitioner's opposition to the proposal submitted by Stewart's and the determination that the proposed use was a convenience store and not a fast-food establishment. By letter dated May 16, 1994, petitioner's attorney was advised, *inter alia*, that the Director of the Building Department is exclusively authorized under the Town Code to make the initial determination concerning conformance with all applicable zoning laws and was therein referred to "the Building Department, whose officers are the zoning officials for the Town", if further communication was sought.

By letter dated May 18, 1994, petitioner's attorney again wrote to the Planning Board to advise it that the Town had never notified petitioner that the request by Stewart's for a commercial zoning verification was approved. Thus, petitioner's attorney "insist[ed] that the planning board cease and desist from any further activity, consideration and/or approvals relative to this matter". By letter dated June 6, 1994, petitioner's attorney reiterated petitioner's objections to the Planning Board's preliminary approval of the project and requested that the matter be referred to the Town Zoning Board. Following a public hearing, where petitioner received notice, attended and voiced his objection, the Planning Board granted final approval to Stewart's for the project (*see*, Town of Colonie Code § 192-5 [A] [1], [3]). Notably, petitioner was informed at this meeting that his "appeal should be directed through the Building Department and the Zoning Board of Appeals and not [the Planning B]oard".

Petitioner thereafter commenced this proceeding seeking, *inter alia*, a determination that the intended use by Stewart's at the site was a fast-food establishment, such that it was required to obtain a variance for use in such location or, in the alternative, that the Zoning Board conduct a hearing to determine the issue. The petition also sought to enjoin

Stewart's from improving or developing the property pending the determination. Respondents' motion to dismiss the petition was granted by Supreme Court, which found that petitioner failed to exhaust his administrative remedies. Petitioner appeals.

At oral argument, counsel for petitioner confirmed that the Stewart's store has been fully constructed on the subject property and has been open for business since January 1995. Since petitioner did not seek injunctive relief during the pendency of this appeal, we find the controversy herein to be rendered moot (*see, Ughetta v Barile*, 210 AD2d 562, *lv denied* 85 NY2d 805; *Matter of Caprari v Town of Colesville*, 199 AD2d 705; *Matter of Center Sq. Assn. v Board of Bldg., Zoning & Hous. Appeals*, 195 AD2d 684; *Matter of Stockdale v Hughes*, 189 AD2d 1065). Not falling within any recognized exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715), the instant appeal is dismissed.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.