■ In the Matter of G.Z.T. INDUSTRIES, INC., Appellant, v PLANNING BOARD OF THE TOWN OF FALLSBURG et al., Respondents. [665 NYS2d 736] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 6,

1997 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent Zoning Board of Appeals of the Town of Fallsburg granting a request by respondent Sullivan Properties, Inc. for an area variance.

Petitioner, a neighboring landowner, challenges the municipal respondents' determinations granting respondent Sullivan Properties, Inc. a variance and building permit, allowing the latter to renovate an existing building on its property and add gasoline pumps and a connecting canopy, for the purpose of utilizing the premises as a "food and fuel mart". Petitioner contends, *inter alia*, that respondent Zoning Board of Appeals of the Town of Fallsburg erroneously classified Sullivan's proposed use of the property as a "retail store"—a permitted use in the B-1 zone in which it is located—rather than a "gasoline service station", for which a special permit is required. According to petitioner, no building permit should have issued until the project was reviewed by respondent Planning Board of the Town of Fallsburg. Supreme Court disagreed and dismissed the petition, prompting this appeal.

During the pendency of this appeal, petitioner took no steps to safeguard its interests by, e.g., seeking to temporarily enjoin the planned construction. Inasmuch as the work encompassed by the building permit has been completed and a certificate of occupancy obtained, the appeal has been rendered moot (*see, Matter of Fallati v Town of Colonie*, 222 AD2d 811, 813; *Matter of Bytner v City of Albany Bd. of Zoning Appeals*, 211 AD2d 1000). Petitioner's assertion that some benefit may nevertheless be obtained by compelling Sullivan to complete the review process—for the purpose of determining whether additional environmental, health or safety issues should be addressed—despite the fact that the construction can no longer be prevented is unpersuasive (*cf., Matter of Many v Village of Sharon Springs Bd. of Trustees*, 234 AD2d 643, 644, *lv denied* 89 NY2d 811; *Matter of Save the Pine Bush v City Engr. of City of Albany*, 220 AD2d 871, 872, *lv denied* 87 NY2d 807).

Cardona, P. J., Mikoll, Casey and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.