■ In the Matter of Town of Caroline et al., Petitioners, and Town of Ithaca, Appellant, v County of Tompkins, Respondent. [750 NYS2d 337] —Cardona, P.J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered November 16, 2001 in Tompkins County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, declare that respondent must comply with its zoning ordinance.

In the summer of 2001, the Board of Representatives of respondent, adopted a resolution to expand a public works building on property it owns on Bostwick Road in petitioner Town of Ithaca (hereinafter petitioner). The plan was to add 9,975 square feet to respondent's existing building and, upon completion, house its highway, building and ground divisions. Upon learning of the proposal, petitioner's Supervisor notified respondent that since its building was located in an area zoned as a R-30 Residence District, petitioner's zoning ordinance required respondent to obtain special approval from petitioner's Zoning Board of Appeals and site plan approval from its Planning Board prior to commencing construction. Respondent did not seek approval and adopted a resolution concluding that the project was not subject to petitioner's zoning ordinance.

In response, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that respondent was required, in the first instance, to seek petitioner's approval prior to commenc-

ing any construction.* Petitioners and respondent thereafter cross-moved for summary judgment. Supreme Court, upon reviewing the factors set forth in *Matter of County of Monroe (City of Rochester)* (72 NY2d 338), inter alia, dismissed the petition/complaint and issued a declaration that the project was not subject to petitioner's local land use regulations. Petitioner appeals.

At the outset, we note that the record indicates that construction of the building's addition has been completed, is currently being occupied by respondent's employees and a certificate of occupancy has been issued. It is also undisputed that petitioner failed to seek any preliminary injunctive relief or a stay during the pendency of this appeal. Accordingly, petitioner's claim that respondent was required to seek its approval, in the first instance, before constructing any addition to its building, is moot (*see Matter of Gorman v Town Bd. of Town of E. Hampton*, 273 AD2d 235, *lv denied* 96 NY2d 703; *Matter of Paden v Planning Bd. of Town of Mamakating*, 270 AD2d 626, 626; *Matter of G.Z.T. Indus. v Planning Bd. of Town of Fallsburg*, 245 AD2d 741, 742; *Matter of Many v Village of Sharon Springs Bd. of Trustees*, 234 AD2d 643, 644-645, *lv denied* 89 NY2d 811; *Matter of Burns Pharmacy of Rensselaer v Conley*, 146 AD2d 842, 843). Moreover, under the circumstances herein, there is no basis for applying any of the exceptions to the mootness doctrine in this case (*see Matter of Paden v Planning Bd. of Town of Mamakating, supra* at 626; *Matter of Many v Village of Sharon Springs Bd. of Trustees, supra* at 644-645).

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* Petitioners Town of Caroline, Town of Danby, Town of Dryden, Town of Lansing, Town of Ulysses, Village of Lansing and Village of Trumansburg raised several claims challenging a proposal by respondent to upgrade or replace several public safety communications towers at undetermined locations. Supreme Court dismissed those claims, without prejudice, as being not ripe for review, a ruling not at issue on this appeal.