■ In the Matter of MRUGENDRA I. MEHTA, Appellant, v TOWN OF MONTOUR ZONING BOARD OF APPEALS, Also Known as MONTOUR FALLS ZONING BOARD OF APPEALS, et al., Respondents. [771 NYS2d 754]—

Crew III, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered March 6, 2003 in Schuyler County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as moot.

Petitioner and respondents James Seafuse and Sandra Seafuse own adjoining parcels of property located in the Town of Montour, Schuyler County. In April 2002, the Seafuses, who are amateur automobile racers and automobile collectors, applied to the Town's building inspector for a permit to construct a 5,670-square-foot garage on their property, in which they intended to work on and store their collection of 15 automobiles. When the requested permit was denied, the Seafuses sought and obtained a hearing before respondent Town of Montour Zoning Board of Appeals which, after due deliberation, reversed the building inspector's denial and directed that the building permit be issued forthwith. Such permit was issued on or about May 23, 2002 and construction commenced.

Petitioner, who had opposed the Seafuses' application, thereafter commenced this proceeding pursuant to CPLR article 78 seeking to set aside the issuance of the building permit. Upon being advised that the garage at issue had been substantially completed and discovering that petitioner had failed to seek injunctive relief, Supreme Court dismissed the proceeding as moot. This appeal by petitioner ensued.

We affirm. To be sure, the mere fact that the structure at issue was substantially completed prior to the commencement of this proceeding is not dispositive (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]). However, it is clear that despite having the opportunity

to observe the daily progress of the construction, petitioner failed to seek a stay or injunctive relief to preserve the status quo pending resolution of this proceeding (*see id.* at 173; *Matter of Town of Caroline v County of Tompkins,* 299 AD2d 627, 628 [2002]). It is equally clear that the Seafuses possessed a duly issued building permit and, as such, cannot be said to have proceeded with the construction in bad faith or without authority (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, supra* at 173). Under such circumstances, we agree with Supreme Court that the instant proceeding is moot. As we are unable to discern any exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715 [1980]), Supreme Court's judgment is affirmed.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.