■ TABATHA DURHAM et al., Appellants, v VILLAGE OF POTSDAM et al., Respondents. [791 NYS2d 731]—

Crew III, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered October 24, 2003 in St. Lawrence County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of respondent Zoning Board of Appeals of the Village of Potsdam approving certain individuals' request for an area variance.

In May 2003, Yong Sheng Jiang and Su Juan Lin (hereinafter the applicants) applied for a building permit in the Village of Potsdam, St. Lawrence County, to open a Chinese restaurant in an existing structure located in a commercial shopping plaza.

The reviewing inspector granted the permit but, because the restaurant would be located in a B-1 zone, noted the need for the applicants to obtain a special use permit from respondent Planning Board of the Village of Potsdam. The applicants thereafter applied for the special use permit, whereupon the Planning Board advised the applicants that they also would need to obtain an area variance from respondent Zoning Board of Appeals of the Village of Potsdam.[1] Following an initial referral to the St. Lawrence County Planning Board, the Zoning Board held a public hearing on the application for an area variance, at which petitioners—who, at that time, both resided near the site of the proposed restaurant—appeared and voiced opposition to the requested area variance.[2] The Planning Board held a similar public hearing with regard to the applicants' request for a special use permit, at which petitioners also appeared and spoke in opposition to the proposed restaurant. Ultimately, the Zoning Board and the Planning Board granted the applicants' respective applications, prompting petitioners to commence this proceeding pursuant to CPLR article 78 in August 2003 to challenge the grant of the area variance and special use permit. Supreme Court upheld the underlying determinations, and this appeal by petitioners ensued.

Assuming, without deciding, that petitioner Tabatha Durham remains aggrieved by the underlying determinations (*see* n 2, *supra*), we nonetheless are persuaded that petitioners' appeal must be dismissed. Respondents have advised this Court, and petitioners do not appear to dispute, that the applicants' restaurant has been open and operational since March 1, 2004, and there is nothing on the face of the underlying petition or in the record before us to suggest that petitioners sought injunctive relief to prevent alterations to the then proposed restaurant site or to prevent the restaurant's actual opening. In our view, petitioners' failure to seek injunctive relief during the pendency of this proceeding renders the instant controversy moot (*see Ughetta v Barile*, 210 AD2d 562, 563 [1994], *lv denied* 85 NY2d 805 [1995]; *Matter of Center Sq. Assn. v Board of Bldg., Zoning & Hous. Appeals of City of Albany*, 195 AD2d 684 [1993]; *Matter of Serafin v Wallace*, 117 AD2d 926, 926-927 [1986]). As we are unable to discern any exception to the mootness doctrine (*see*

---

**1.** Potsdam Code § 180-31 (F) (6) (a) requires that a restaurant be located at least 200 feet from any residential district. As the proposed restaurant site was located within 103 feet of a residential district, the applicants were requesting an area variance of 97 feet.

**2.** According to respondents, petitioner Tabatha Durham moved from her apartment near the restaurant site in September 2004.

*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]), petitioners' appeal is dismissed.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.