■ In the Matter of JOHN SALVADOR JR., Appellant, v TOWN OF LAKE GEORGE PLANNING BOARD et al., Respondents. [817 NYS2d 542]—Carpinello, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered May 5, 2005 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

---

Petitioner commenced this CPLR article 78 proceeding challenging a determination of respondent Town of Lake George Planning Board granting respondents Kenneth Ermiger and Kevin Maschewski permission to construct a house on Cooper Island in the Town of Lake George, Warren County. At issue is an order of Supreme Court dismissing the proceeding on two alternative grounds, namely, failure to serve necessary parties and standing.

During the course of the appeal, the house was fully constructed and a certificate of occupancy issued. These facts, coupled with petitioner's failure to seek injunctive relief at any time in the course of this proceeding, renders the controversy moot such that the appeal should be dismissed (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]; *Matter of Mehta v Town of Montour Zoning Bd. of Appeals*, 4 AD3d 657, 657-658 [2004]; *Matter of G.Z.T. Indus. v Planning Bd. of Town of Fallsburg*, 245 AD2d 741, 742 [1997]; *Matter of Fallati v Town of Colonie*, 222 AD2d 811, 813 [1995]; *Matter of Bytner v City of Albany Bd. of Zoning Appeals*, 211 AD2d 1000 [1995]). In any event, Supreme Court correctly found that petitioner not only lacked standing to challenge the Planning Board's determination, but also failed to properly serve both Ermiger and Maschewski within the applicable statute of limitations and, therefore, failed to join necessary parties. Thus, the proceeding was properly dismissed.

Mercure, J.P., Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, with costs.