In the Matter of RIVERKEEPER, INC., et al., Petitioners, v CARL JOHNSON, as Deputy Commissioner of Environmental Conservation, et al., Respondents. [861 NYS2d 155]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Department of Environmental Conservation issuing a State Pollutant Discharge Elimination System permit to respondent Dynegy Northeast Generation, Inc.

In 2006, petitioners commenced this CPLR article 78 proceeding to annul the determination of respondent Department of Environmental Conservation (hereinafter DEC) to renew the operating permit for the Danskammer electric generating plant, which is owned and operated by respondents Dynegy Northeast Generation, Inc. and Dynegy Danskammer, LLC (hereinafter collectively referred to as Dynegy). As more fully described in a

prior proceeding (*Matter of Riverkeeper, Inc. v Crotty*, 28 AD3d 957 [2006]), the Danskammer plant is located on the Hudson River and cools its steam turbine generators with river water by a process called "once-through cooling." In the present proceeding, petitioners allege that DEC improperly minimized the environmental impacts of the plant's existing cooling system and permitted the continued use of that system with minimal modifications. They assert, among other things, that DEC should have required that the existing cooling system be entirely replaced with a new "closed-cycle" cooling system that would greatly reduce the quantity of water withdrawn from and returned to the river. They also challenge certain DEC assumptions affecting the calculation of the existing system's adverse impacts upon the river and its organisms.

After Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g), Dynegy moved for dismissal of the petition on the grounds that the purchase and installation of new equipment to modify the cooling water pump system as mandated by the renewal permit issued by DEC, together with petitioners' failure to seek injunctive relief against its installation during the pendency of this proceeding, renders moot all issues which they raised. We denied that motion without prejudice to rehearing it at oral argument.

Upon revisiting the mootness claim, we conclude that dismissal of the petition is warranted to the extent that it alleges causes of action relating to DEC's failure to find that a closed-cycle cooling system would be the best technology available for minimizing adverse environmental impacts at the Danskammer plant. In reaching this conclusion, we note that petitioners do not dispute that Dynegy's renewed permit required modification of its existing cooling system, that the required modification has been completed by installation of variable speed pumps at a cost of over $1 million, and that petitioners failed to move in Supreme Court or this Court for a preliminary injunction or stay that would enjoin the requirements of the permit or otherwise preserve the status quo while this matter was pending. Contrary to petitioners' contention that the issues raised are not moot because they seek a remand to DEC for a new determination of Dynegy's application for renewal of the plant's permit and such a redetermination might not require an alternate cooling system, the record makes clear that the third, fourth and fifth causes of action of the petition rest upon petitioners' claim that DEC should not have accepted the plant's existing cooling system and, instead, should have mandated the use of the best technology available, which they maintain is a

closed-cycle system. Inasmuch as Dynegy has now completed the mandated modification of its existing system, rather than install the system sought by petitioners, we find that petitioners' failure to preserve their rights pending judicial review renders moot the third, fourth and fifth causes of action (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172-173 [2002]; *Matter of Zimmerman v Planning Bd. of Town of Schodack*, 294 AD2d 776, 778 n 2 [2002]; *Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d 636, 640 [2001], *lv denied* 97 NY2d 611 [2002]; *Matter of Gorman v Town Bd. of Town of E. Hampton*, 273 AD2d 235, 236 [2000], *lv denied* 96 NY2d 703 [2001]). While we agree with petitioners that the environmental issues raised are important and likely to recur, we doubt they will typically evade review, particularly since the Danskammer plant must seek renewal of its permit every five years (*see e.g. Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of NRG Energy, Inc. v Crotty*, 18 AD3d 916, 920 [2005]).

As to the claims which have not been rendered moot, petitioners argue that DEC acted arbitrarily and capriciously in calculating the reduction in the amount of cooling water flow at the Danskammer plant based upon its full-flow capacity and in crediting the plant with the alleged survival of a percentage of the river organisms entrained in the existing system. In reviewing such administrative determinations, our role is limited to ascertaining whether there is any rational basis for the decision (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Lane Constr. Corp. v Cahill*, 270 AD2d 609, 611 [2000], *lv denied* 95 NY2d 765 [2000]). In addition, the determination of an agency acting pursuant to its authority and within its area of expertise is entitled to judicial deference (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]; *Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal*, 7 AD3d 453, 454 [2004]). This is so even where conflicting inferences can be drawn from the scientific evidence adduced, for we will not substitute our judgment for that of the agency when the agency's determination is supported by substantial evidence in the record (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 396 [1995]; *Matter of Tolliver v Kelly*, 41 AD3d 156, 158 [2007], *lv denied* 9 NY3d 809 [2007]).

Here, as to DEC's use of a full-flow baseline, petitioners' contention is that since the Danskammer plant's cooling system has historically used much less than the maximum quantity of

water it is capable of withdrawing from the Hudson River, the target flow level set by DEC based upon its full-flow potential allows the plant to meet the goal without actually reducing the amount of water withdrawn or its associated environmental impacts. While there is expert opinion in the record supporting this view, the record also contains evidence that use of the full-flow baseline was appropriate because it is the standard used statewide in evaluating entrainment reduction and is compliant with the Environmental Protection Agency's phase II regulations applicable to power generating plants.

Similarly, as to the allowance of an entrainment survival credit, DEC cites evidence contradicting petitioners' claim that there is no study which has found that a significant percentage of organisms have survived entrainment at the Danskammer plant. Inasmuch as the record contains substantial evidence supporting DEC's determinations as to both the calculation of required flow reductions and allowance of an entrainment credit, we defer to those determinations even though the evidence presented by petitioners could lead to a contrary conclusion (see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d 411, 417 [1991]; Matter of Save Our Forest Action Coalition v City of Kingston, 246 AD2d 217, 221 [1998]). Accordingly, we find that DEC's determinations were both supported by substantial evidence in the record and reasonable under the circumstances.

We have considered petitioner's other arguments and find them unpersuasive.

Mercure, J.P., Peters and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.