■ In the Matter of GRANGER GROUP et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF TAGHKANIC et al., Respondents. [879 NYS2d 604]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered May 5, 2008 in Columbia County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent Alan Wilzig's motion to dismiss the petition/complaint.

Respondent Alan Wilzig owns property that is improved with a single-family residence and is located in the Town of Taghkanic, Columbia County. On August 23, 2006, Wilzig applied for a building permit authorizing the construction of a 12,000 square-foot storage facility on his property to be used to house, among other things, more than 100 of his personally owned vintage motorcycles. Respondent Dennis Callahan, the Town's Code Enforcement Officer, approved Wilzig's application but, upon issuing the building permit dated August 23, 2006, indicated on the face of the document that it was for "foundation only." Upon receipt of this permit, Wilzig immediately began construction of the foundation of the building.

Petitioners, nearby landowners and the Granger Group, an "association formed for the purpose of insuring fair and reasonable enforcement of Land Use Regulations in the Town of Taghakanic," repeatedly raised concerns with town officials

regarding the nature of Wilzig's improvements to his property.[1] Petitioners claim that, despite making appropriate requests under the Freedom of Information Law, they were not provided with a copy of the building permit until November 1, 2006, some two months after it had been issued. Petitioners also claim that, throughout this period, they had been repeatedly assured by Callahan that the permit given to Wilzig authorized only the construction of the building's foundation and that another permit was required for the construction of the building. Petitioners further contend that Callahan told them that such a permit would only be issued when final plans detailing the design and configuration of the structure had been submitted by Wilzig and approved by town authorities. Callahan denies making such a representation and, in May 2007, upon review of supplemental plans that Wilzig submitted for the project, authorized him to complete construction of the building under the original permit that had been issued for the project.

When petitioners learned that Callahan had authorized Wilzig to complete construction of the building, they filed an appeal with respondent Zoning Board of Appeals (hereinafter ZBA) challenging Callahan's actions in issuing the building permit. The ZBA dismissed the appeal, concluding that it was untimely because it had not been taken by petitioners within 30 days of the permit being issued on August 23, 2006.[2] Petitioners thereafter brought this combined CPLR article 78 proceeding and declaratory judgment action. Wilzig moved to dismiss the petition/complaint and Supreme Court found that, while petitioners' appeal to the ZBA was timely, the relief sought in the petition/complaint was barred by laches and by petitioners' failure to seek injunctive relief before construction of the storage building was complete. Petitioners appeal and we now affirm.

Supreme Court based its decision dismissing the petition/complaint on petitioners' unexplained failure to seek an

---

**1.** Wilzig had previously commenced construction without a permit of a one-mile "motorcycle track" and accessory storage buildings on his property, but ceased construction when so ordered by Callahan. When Wilzig's application for a permit authorizing the construction of the track and buildings was subsequently denied by the Town, he initiated a CPLR article 78 proceeding challenging that determination. The petition was ultimately dismissed by Supreme Court (Hummel, J.), which concluded that the Town had acted properly in finding that the track and accessory buildings were nonconforming uses for a residential property and, as such, were not permitted under the Town's zoning ordinance.

**2.** The Town's local zoning ordinance provides that an appeal must be taken within 30 days, compared to Town Law § 267-a (5) (b), which allows for 60 days for the taking of such an appeal.

injunction barring any further construction on the building, even though they were well aware, after commencing this proceeding/action, that Wilzig not only had the Town's permission to complete the project, but that he was under no legal obligation to cease construction while this proceeding was pending (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 173 [2002]; *Matter of Salvador v Town of Lake George Planning Bd.*, 31 AD3d 906, 907 [2006]; *Durham v Village of Potsdam*, 16 AD3d 937, 938 [2005], *lv denied* 5 NY3d 702 [2005]; *compare Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown*, 31 AD3d 1018, 1019-1020 [2006], *lv denied* 8 NY3d 842 [2007]). Moreover, petitioners' contention that Wilzig acted in bad faith or without authority in continuing construction is not supported by the record given that it is undisputed that he possessed a permit authorizing construction of the building and that Callahan paid periodic visits to the site during this period to insure that the structure, as erected, was in full compliance with the permit and the Town's zoning ordinance (*see Matter of Mehta v Town of Montour Zoning Bd. of Appeals*, 4 AD3d 657, 657-658 [2004]; *see also Matter of Riverkeeper, Inc. v Johnson*, 52 AD3d 1072, 1074 [2008], *lv denied* 11 NY3d 716 [2009]).

We also note that, once this proceeding/action was commenced, the parties entered into a stipulation that petitioners claim was designed to "preserve the status quo" during its pendency. However, the stipulation, by its terms, expressly provided that it did not serve to "stay construction of the storage building if . . . Wilzig determines to move forward with construction." As it now appears that construction of this building has been completed at significant cost to Wilzig and is being used for its intended purpose, petitioners' failure to seek injunctive relief rendered the proceeding/action moot (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 173-174; *Matter of Salvador v Town of Lake George Planning Bd.*, 31 AD3d at 907).

As a result, we need not address the issue raised as to the timeliness of petitioners' appeal to the ZBA from the issuance of the August 23, 2006 building permit.

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.