■ In the Matter of STEPHEN KOWALCZYK et al., Appellants, v TOWN OF AMSTERDAM ZONING BOARD OF APPEALS, Respondent, et al., Respondents. (Proceeding No. 1.) In the Matter of STEPHEN KOWALCZYK et al., Appellants, v TOWN OF AMSTERDAM PLANNING BOARD, Respondent, et al., Respondents. (Proceeding No. 2.) [944 NYS2d 660]—

Spain, J. Appeal from a judgment of the Supreme Court (J. Sise, J.), entered June 7, 2011 in Montgomery County, which, in two proceedings pursuant to CPLR article 78, granted respondents' motion to dismiss the petitions.

Petitioners and respondents David Kaczkowski and Sylvia

---

Kaczkowski own adjoining parcels of property in a residentially zoned district in the Town of Amsterdam, Montgomery County. The Kaczkowskis acquired their property in 2004 and operate a junkyard as a preexisting nonconforming use that predates the Town's 1972 enactment of zoning, which did not permit such use in a residential zone. In 2007, the Kaczkowskis applied for a use variance to construct a garage on their property in which they planned to dismantle vehicles and sell vehicle parts. Respondent Town of Amsterdam Zoning Board of Appeals (hereinafter ZBA) approved the application for a use variance in November 2008, and the Kaczkowskis were issued a building permit.[1] Petitioners commenced a proceeding pursuant to CPLR article 78 challenging the ZBA's issuance of the use variance.

At the Kaczkowskis' request, the ZBA conducted a rehearing at which petitioners spoke in opposition to the application, which the ZBA unanimously[2] voted to approve in July 2009 and authorized issuance of a building permit. Petitioners then commenced a second CPLR article 78 proceeding challenging the ZBA's determination to again grant the requested use variance.

Supreme Court subsequently denied the ZBA's motion to dismiss those proceedings and, thereafter consolidated these proceedings into what is now proceeding No. 1. The Kaczkowskis received site plan approval on September 1, 2010 and were issued a certificate of occupancy by the Town Code Enforcement Building Inspector on November 1, 2010. In between those events, on October 6, 2010, petitioners commenced another CPLR article 78 proceeding (proceeding No. 2) challenging the site plan approval by respondent Town of Amsterdam Planning Board and seeking removal of the garage building and a directive that the Kaczkowskis cease and desist use of their property for junkyard purposes to the extent that it was not previously used for such purposes, among other relief.

It is undisputed that, during the pendency of proceeding No. 1, the Kaczkowskis openly undertook the ongoing construction of the proposed garage structure, and this progress was fully visible to petitioners; while the start date and exact progression are not discernible, it is clear that construction was complete by November 1, 2010. Supreme Court subsequently granted a motion by the ZBA—which the Kaczkowskis joined—to dismiss proceeding Nos. 1 and 2 as moot, given that the garage had

---

1. The building permit is not in the record, but petitioners conceded that it was issued in November or December 2008.

2. Although the Montgomery County Planning Board recommended disapproval, that recommendation was subject to override by the ZBA (*see* General Municipal Law § 239-m [5]).

been fully constructed and petitioners had failed to seek injunctive relief. Petitioners now appeal.

We affirm. "Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002] [citation omitted]). Where, as here, the change in circumstances concerns a construction project which is completed, while relief is "theoretically available" in that a structure or project "can be destroyed," courts have considered several factors to be significant (*id.* at 172-173) in addition to "how far the work has progressed towards completion" (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729 [2004]). "Chief among them has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 173 [citations omitted]; *see Matter of Granger Group v Zoning Bd. of Appeals of Town of Taghkanic*, 62 AD3d 1102, 1103-1104 [2009]; *Matter of Riverkeeper, Inc. v Johnson*, 52 AD3d 1072, 1073-1074 [2008], *lv denied* 11 NY3d 716 [2009]; *Matter of Salvador v Town of Lake George Planning Bd.*, 31 AD3d 906, 907 [2006]; *Durham v Village of Potsdam*, 16 AD3d 937, 938 [2005], *lv denied* 5 NY3d 702 [2005]; *Matter of Fallati v Town of Colonie*, 222 AD2d 811 [1995]; *cf. Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown*, 31 AD3d 1018, 1019-1020 [2006], *lv denied and dismissed* 8 NY3d 842 [2007]; *Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush*, 16 AD3d 715, 717-718 [2005]).

We agree with Supreme Court's conclusion that petitioners failed to make sufficient efforts to preserve the status quo and safeguard their rights, pending judicial review, by failing to even attempt to obtain an injunction or stay to prevent the commencement of the construction of the garage or the continuation of the open, visible and ongoing construction, although aware of the availability of that relief. Petitioners' claim that the Kaczkowskis proceeded in bad faith and without authority—factors weighing against mootness—were properly found to be outweighed by factors militating in favor of a mootness finding. The Kaczkowskis acquired a building permit in 2008, obtained ZBA-approved use variances in 2008 and 2009 and, while they did not secure the required site plan approval until

late in the process, their multi-year, ongoing construction was visible to all and certainly did not involve "a race to completion" (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 172; *see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729; *Matter of Mehta v Town of Montour Zoning Bd. of Appeals*, 4 AD3d 657, 658 [2004]). Petitioners never sought to enjoin the ongoing construction on the ground that site plan approval had not been obtained, and they have not challenged the building permit.

Given petitioners' failure to identify "novel issues or public interests such as environmental concerns" warranting review (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 173), and Supreme Court's supportable conclusion that the removal of the garage "would clearly cause undue hardship to the Kaczkowskis," we agree that the instant proceedings are moot. As we do not discern that the exception to the mootness doctrine is applicable (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]), Supreme Court properly granted the motion and dismissed the proceedings as moot (*see Matter of Mehta v Town of Montour Zoning Bd. of Appeals*, 4 AD3d at 658).

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.