# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**668**
**CA 13-02066**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MATTHEW GRAF AND BETH
GRAF, PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

TOWN OF LIVONIA, FINGER LAKES TIMBER
COMPANY, INC., AND TOWN OF LIVONIA JOINT
ZONING BOARD OF APPEALS, RESPONDENTS-RESPONDENTS.

---

STEVEN D. SESSLER, GENESEO, FOR PETITIONERS-APPELLANTS.

NIXON PEABODY LLP, ROCHESTER (TERENCE L. ROBINSON, JR., OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS TOWN OF LIVONIA AND TOWN OF LIVONIA JOINT ZONING
BOARD OF APPEALS.

WOODS OVIATT GILMAN, LLP, ROCHESTER (REUBEN ORTENBERG OF COUNSEL), FOR
RESPONDENT-RESPONDENT FINGER LAKES TIMBER COMPANY, INC.

---

Appeal from a judgment (denominated order) of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered September 5, 2013 in a CPLR article 78 proceeding.  The judgment denied the petition and dismissed the proceeding.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum:  Petitioners commenced this CPLR Article 78 proceeding seeking, inter alia, to annul a determination of respondent Town of Livonia Joint Zoning Board of Appeals (ZBA).  The ZBA determined, inter alia, that the sawmill project proposed by respondent Finger Lakes Timber Company, Inc. (FLTC) constituted a permissible "[a]gricultural or farming operation" within the meaning of the Town of Livonia Zoning Code.  Petitioners appeal from a judgment denying their petition and dismissing the proceeding.

We agree with respondents that the appeal must be dismissed as moot.  Petitioners did not seek injunctive relief or make any other attempts to preserve the status quo during the pendency of their administrative appeal, the CPLR article 78 proceeding, or this appeal, and the sawmill project is now complete (*see Matter of Gerster Sales & Serv., Inc. v Power Auth. of State of N.Y.*, 67 AD3d 1386, 1387, *lv denied* 14 NY3d 703; *Durham v Village of Potsdam*, 16 AD3d 937, 938, *lv denied* 5 NY3d 702; *Matter of G.Z.T. Indus. v Planning Bd. of Town of Fallsburg*, 245 AD2d 741, 742; *cf. Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown*,

24 AD3d 1312, 1313, *appeal dismissed* 7 NY3d 803).   Petitioners nonetheless assert that the appeal is not moot because the controversy does not concern the propriety of the building, but rather the use of FLTC's land to operate a sawmill.   We reject that contention.   FLTC sought permission to erect the building at issue for the express purpose of housing a portable sawmill and other milling equipment.   FLTC spent an estimated $100,000 on the building, which is now complete and being used for its intended purpose (*see generally Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 173-174).   Further, the ZBA granted FLTC's application for a conditional use permit authorizing its use of a portable sawmill on the property in 2006, well before the determination at issue.

Entered:  August 8, 2014                                          Frances E. Cafarell
                                                                 Clerk of the Court