# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1235**
**CA 14-00504**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

ETASAM, INC., PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

THE SYRACUSE ASSOCIATION OF ZETA PSI, INC.,
DEFENDANT-RESPONDENT,
AND THE ASSOCIATION OF PHI GAMMA DELTA OF
SYRACUSE, INC., DEFENDANT.

---

ROBERT F. RHINEHART, SYRACUSE, FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KRISTEN M. BENSON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES P. YOUNGS OF COUNSEL), FOR DEFENDANT.

---

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered August 5, 2013. The order, among other things, granted the converted motion of defendant The Syracuse Association of Zeta Psi, Inc. for summary judgment.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Plaintiff, a not-for-profit corporation that operates the Sigma Alpha Mu fraternity at Syracuse University, commenced this action seeking specific performance of an alleged oral lease with defendant The Syracuse Association of Zeta Psi, Inc. (Zeta Psi). By way of background, Zeta Psi owns a fraternity house that it rented to plaintiff in July 2007 pursuant to a written lease. The lease was for a renewable five-year term, and was extended for one year until July 31, 2013. On January 7, 2013, Zeta Psi notified plaintiff in writing that it elected not to renew the lease. Zeta Psi thereafter discussed with plaintiff the possibility of signing a new lease. At the same time, Zeta Psi negotiated with other fraternities interested in renting the premises, including defendant The Association of Phi Gamma Delta of Syracuse, Inc. (Phi Gamma Delta).

Plaintiff alleges that, on February 13, 2013, a member of its board of directors reached an oral agreement with Zeta Psi's vice-president whereby plaintiff would lease the premises for an additional two years. The parties did not, however, execute a written agreement. Approximately one month later, Zeta Psi signed a written lease with

Phi Gamma Delta.  On March 28, 2013, while still in possession of the premises, plaintiff commenced this action, alleging, inter alia, that Zeta Psi never intended to sign a new lease with plaintiff and intentionally misled plaintiff for a variety of reasons, all rooted in bad faith.  The complaint requested specific performance of the alleged oral lease between the parties.

Upon commencing the action, plaintiff moved by order to show cause for a preliminary injunction.  Zeta Psi responded with a pre-answer motion to dismiss, which Supreme Court converted to a motion for summary judgment, and plaintiff thereafter served an amended complaint adding Phi Gamma Delta as a defendant.  The court granted Zeta Psi's motion for summary judgment and denied plaintiff's motion for a preliminary injunction, concluding, inter alia, that the alleged two-year oral lease was barred by the statute of frauds (*see* General Obligations Law § 5-703 [1]).  Although plaintiff filed a notice of appeal, it did not seek a preliminary injunction from this Court pursuant to CPLR 5518.  Thus, while this appeal was pending, plaintiff's written lease expired, whereupon plaintiff vacated the premises and Phi Gamma Delta took possession pursuant to its valid lease with Zeta Psi.

We agree with Phi Gamma Delta that the appeal should be dismissed as moot because plaintiff "did not seek injunctive relief or make any other attempts to preserve the status quo during the pendency of [its] appeal" (*Matter of Graf v Town of Livonia*, 120 AD3d 944, 944; *see Matter of Yeshiva Gedolah Academy of Beth Aaron Synogogue v City of Long Beach*, 118 AD3d 901, 902; *Cuevas v 1738 Assoc., L.L.C.*, 111 AD3d 416, 416; *Matter of Wallkill Cemetery Assn., Inc. v Town of Wallkill Planning Bd.*, 73 AD3d 1189, 1190-1191; *cf. Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown*, 24 AD3d 1312, 1313, *lv dismissed* 7 NY3d 803).  In any event, even if plaintiff had sought the appropriate injunctive relief pursuant to CPLR 5518, and even assuming, arguendo, that an issue of fact exists whether Zeta Psi should be equitably estopped from asserting the statute of frauds defense, the record establishes that plaintiff and Zeta Psi had, at most, an agreement to agree, which is unenforceable (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-110; *Plumley v Erie Blvd. Hydropower, L.P.*, 114 AD3d 1249, 1249-1250).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court