Appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated April 2, 2015. The order and judgment granted the plaintiff’s motion for summary judgment on the complaint and declared that, in connection with the transmission and distribution of electricity in its service area, the plaintiff is exempt from all local legislation, and that a stop work order issued by the Town of East Hampton on April 4, 2014, is null and void. Motion by the plaintiff, inter alia, to dismiss the appeal as academic. By decision and order on motion of this Court dated September 30, 2015, that branch of the motion which is to dismiss the appeal as academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,
 

 Ordered that the branch of the motion which is to dismiss the appeal as academic is granted; and it is further,
 

 Ordered that the appeal is dismissed as academic, without costs or disbursements, and the order and judgment is vacated.
 

 The plaintiff is the service provider and designated agent for the Long Island Lighting Company (hereinafter LILCO), which is a subsidiary of the Long Island Power Authority (hereinafter LIPA), a political subdivision of the State of New York created to provide electricity to Long Island and the Rockaways (see Public Authorities Law §§ 1020-a [LIPA], 1020-b [23] [LIPA]; 1020-c [LIPA]). In October 2013, in order to upgrade the transmission capacity between the East Hampton and Amagansett substations, located in the Town of East Hampton, LILCO and its former service provider commenced construction of a new 6.2-mile overhead transmission line with modifications to both substations. On April 4, 2014, the Town issued a stop work order for the expansion of the Amagansett substation until the plaintiff obtained a building permit and complied with the provisions of the New York State Building Code and the Town’s zoning code.
 

 The plaintiff commenced this action against the Town for declaratory and injunctive relief, and moved for summary judgment declaring (1) that it is exempt from the application or enforcement of any local laws, regulations, rules, and/or ordinances that would otherwise govern the construction and maintenance of the LIPA transmission and distribution system, and (2) that the stop work order is null, void, and of no force and effect.
 

 In an order and judgment (one paper) dated April 2, 2015, the Supreme Court granted the plaintiff’s motion and declared (1) that the plaintiff, “in connection with the transmission and distribution of electricity in its service area, is exempt from all local legislation, including but not limited to the Town Code of the Town of East Hampton, its zoning codes, permit requirements, and local enforcement of state legislation,” and (2) that the stop work order is null and void. The Town appeals.
 

 By order to show cause filed April 13, 2015, the Town moved in this Court to stay enforcement of the order and judgment pending determination of this appeal. The Town’s motion was denied in a decision and order on motion of this Court dated May 12, 2015. On June 25, 2015, the plaintiff moved, inter alia, to dismiss the appeal as academic, arguing that the Town had rescinded the stop work order, construction had been completed, and the expanded substation was now operational. By decision and order on motion of this Court dated September 30, 2015, that branch of the plaintiff’s motion which is to dismiss the appeal as academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 “Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy” (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). “Where the change in circumstances involves a construction project, [a court] must consider how far the work has progressed towards completion. Because a ‘race to completion cannot be determinative,’ however, other factors bear on mootness in this context as well. ‘Chief among them has been a challenger’s failure to seek preliminary injunc-tive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation’ ” (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004] [citation omitted], quoting Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 172-173). “Also significant are whether work was undertaken without authority or in bad faith, and whether substantially completed work is ‘readily undone, without undue hardship.’ Further, [a court] may elect to retain jurisdiction despite mootness if recurring novel or substantial issues are sufficiently evanescent to evade review otherwise” (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729 [citation omitted], quoting Matter of Dreikausen o Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 173).
 

 Here, although the Town attempted to preserve the status quo by unsuccessfully seeking a stay pending appeal (see Hidalgo v 4-34-68, Inc., 117 AD3d 798, 800 [2014]; Matter of E & J Sylcox Realty, Inc. v Town of Newburgh Planning Bd., 12 AD3d 445, 446 [2004]; cf. Matter of Town of Caroline v County of Tompkins, 299 AD2d 627, 628 [2002]), the Town later rescinded the stop work order. The plaintiff’s completion of the construction was not done in bad faith. The construction was fully complete on June 12, 2015, the substation has since been operational, and the construction cannot be readily undone without undue hardship (see Matter of Town of Caroline v County of Tompkins, 299 AD2d at 628; Matter of Save the Pine Bush v Cuomo, 200 AD2d 859, 860 [1994]). Under these circumstances, the issues of the validity of the stop work order and whether the plaintiff is exempt from the application or enforcement of any local laws, regulations, rules, and/or ordinances that would otherwise govern the construction and maintenance of the LIPA transmission and distribution system have been rendered academic (see Matter of Bath Petroleum Stor. v New York State Dept. of Envtl. Conservation, 272 AD2d 746 [2000]; Matter of Save the Pine Bush v Cuomo, 200 AD2d at 860). Moreover, none of the exceptions to the mootness doctrine are applicable here (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715). Accordingly, the appeal must be dismissed.
 

 “While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary ‘in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent’ ” (Nautilus Capital, LLC v Rama Realty Assoc., LLC, 148 AD3d 817, 818 [2017], quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 718; see Matter of Adirondack League Club v Board of Black Riv. Regulating Dist., 301 NY 219, 223 [1950]). Under the particular circumstances of this case, we deem it appropriate to vacate the order and judgment appealed from (see Mannino v Wells Fargo Home Mtge., Inc., 120 AD3d 638, 639 [2014]).
 

 Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.