In the Matter of JAMES MAISANO et al., Appellants, v ANDREW SPANO et al., Respondents. [774 NYS2d 169]—

Motion by the respondents for leave to reargue an appeal from a judgment of the Supreme Court, Westchester County, entered March 28, 2002, which was determined by decision and order of this Court dated September 29, 2003.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated September 29, 2003 (*see Matter of Maisano v Spano,* 308 AD2d 587 [2003]), is recalled and vacated, and the following decision and order is substituted therefor:

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the respondent Westchester County Board of Acquisition and Contract dated December 27, 2001, which adopted a resolution to relocate a certain portion of the Westchester County sewer line and an action for a judgment declaring the same determination invalid, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered March 28, 2002, which dismissed the combined petition and complaint, and declared that the resolution was valid.

Ordered that the judgment is reversed, on the law, with costs, and the combined petition and complaint are reinstated.

The petitioners, who consist of, among others, seven present and/or former members of the Westchester County Board of Legislators (hereinafter the Board of Legislators), each suing in their individual and official capacities (hereinafter collectively referred to as the legislator petitioners), and four municipal entities, the Village of Pelham, the Town of Pelham, the Village of Pelham Manor, and the Pelham Union Free School District (hereinafter collectively referred to as the municipal petitioners), commenced this hybrid proceeding and action, inter alia, to review a resolution adopted by the Westchester County Board of Acquisition and Contract (hereinafter the A & C Board) on December 27, 2001. The resolution authorized the County of Westchester to grant a project developer permission to relocate a portion of the Westchester County Sewer Line known as the Hutchinson Valley High Level Sewer Line from property owned by the City of Mount Vernon onto property owned by the project developer and a private citizen. The combined petition and complaint alleged that the resolution amounted to a conveyance of a real property interest, thus requiring a two-thirds approval of the Board of Legislators, and that the resolution was not properly adopted in accordance with certain provisions of the Westchester County Administrative Code. The Supreme Court, inter alia, granted the respondents' motion to dismiss the combined petition and complaint, finding that the petitioners lacked standing.

The gravamen of the allegations lodged by the legislator petitioners was that the respondents, particularly the A&C Board, usurped the power of the Board of Legislators and that such usurpation confers standing on the affected legislators pursuant to *Silver v Pataki* (96 NY2d 532 [2001]). In *Silver v Pataki (supra* at 539), the Court of Appeals held that "[c]ases considering legislator standing generally fall into one of three categories: lost political battles, nullification of votes and usurpation of power." In this case, the Supreme Court determined that the legislator petitioners lacked standing since, although it was undisputed that only the Board of Legislators had the authority under Westchester County Administrative Code §§ 107.01 and 209.91 to affect County property rights, the resolution at issue did not affect any County property interest and, therefore, the powers of the Board of Legislators were not implicated or usurped. In our view, the Supreme Court should not have made that determination, which required the resolution of disputed factual issues, on the respondents' motion to dismiss. Accepting the truth of the allegations of the combined petition and complaint, the legislator petitioners have standing to challenge the adoption of the sewer resolution as a usurpation of the authority of the Board of Legislators.

Furthermore, the Supreme Court improperly rejected the claim of the municipal petitioners that they have standing pursuant to County Law § 260. Since the municipal petitioners are members of the Hutchinson Valley High Level Sewer District, they are aggrieved by the resolution at issue, which purports to increase and/or improve the previously-authorized sewer facilities. Accordingly, we reverse the judgment and reinstate the combined petition and complaint. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.