■ MARIETTA CORPORATION, Respondent-Appellant, v PACIFIC DIRECT, INC., Appellant-Respondent. [781 NYS2d 387]—

Peters, J. Cross appeals from an order of the Supreme Court (Rumsey, J.), entered December 5, 2003 in Cortland County, which, inter alia, partially granted plaintiff's cross motion to dismiss defendant's counterclaims.

When this matter was last before us, we vacated a preliminary injunction that Supreme Court had issued which included a condition that plaintiff post an undertaking in the amount of $350,000 pursuant to CPLR 6312 (b) (301 AD2d 734 [2003]). This injunction had barred plaintiff's former employee, Thomas Fairhurst, from continuing to work for defendant (id.). Our decision prompted defendant to amend its answer to assert counterclaims for damages and costs sustained by reason of the improperly issued injunction. Claims for counsel fees paid to both Fairhurst and defendant's counsel, damages related to Fairhurst's resignation and lost income suffered by defendant's business were demanded.* Defendant moved to compel disclosure and plaintiff cross-moved pursuant to CPLR 3211 and/or 3212, to dismiss the counterclaims. Supreme Court partially granted defendant's motion to compel disclosure and partially granted plaintiff's cross motion by dismissing those counterclaims seeking the recovery of the legal fees that defendant paid

---

* Fairhurst and plaintiff entered into a settlement agreement which resulted in a discontinuance of the action between them. Plaintiff and defendant also settled a portion of this action which included the payment of counsel fees and expenses it paid to defendant's counsel for the purpose of modifying and vacating the preliminary injunction.

to Fairhurst's counsel, as well as the damages it incurred resulting from Fairhurst's resignation. Both plaintiff and defendant appeal.

A damage award resulting from an improperly imposed preliminary injunction is grounded upon the "undertaking itself which is a contract between the parties 'that the plaintiff, if it is finally determined that [it] was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction' " (*Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433, 434 [1984], quoting CPLR 6312 [b]). Pursuant to Business Corporation Law § 722 (a), a corporation may indemnify a director or officer against judgments, fines, and amounts paid in settlement when such officer or director is named as a party and acted in good faith "for a purpose which . . . [was] reasonably believed to be in . . . the best interests of the corporation." Hence, counsel fees and damages to a business, including reduced sales, lost contracts and lost profits, are recoverable where it can be demonstrated that such losses have actually been suffered by the claimant (*see Shu Yiu Louie v David & Chiu Place Rest.*, 261 AD2d 150, 152 [1999]; 67A NY Jur 2d, Injunctions § 222).

Here, plaintiff challenges defendant's claim that because Fairhurst was sued in his capacity as an officer of defendant, it should be indemnified for Fairhurst's legal fees. In support of its cross motion to dismiss the counterclaims, plaintiff presented, among other things, Fairhurst's July 2002 affidavit, in which he stated that he was president of the United States component of defendant but not president of an independent operating entity, the affidavit of Lara Morgan, defendant's managing director, in which Fairhurst is consistently referred to as a "salesman," and Fairhurst's deposition testimony whereby he characterized his role as "basically a one-man operation." Defendant submitted, inter alia, its bylaws, which mandate indemnification of its officers and directors, and referenced Fairhurst's July 2002 affidavit, which it argued fully supported its position.

In our view, because plaintiff's proffer failed to establish that Fairhurst was not an officer of defendant, Supreme Court erred in dismissing its counterclaim for indemnification. We also reject any claim that plaintiff's settlement with Fairhurst somehow extinguished defendant's right to recover these costs (*see Reliance Ins. Co. v State Farm Mut. Auto Ins. Co.*, 243 AD2d 456, 457 [1997]; *see generally Dominion Ins. Co. v State of New York*, 305 AD2d 779 [2003]).

Next addressing the dismissal of the counterclaim seeking

damages related to Fairhurst's resignation, we find that Supreme Court should not have limited recovery to only those damages that were the "necessary and proximate result" of the injunction. Pursuant to CPLR 6312 (b), "all damages and costs which may be sustained by reason of the injunction" should be considered (*see* 67A NY Jur 2d, Injunctions § 222). Defendant's claim that it incurred damages because the preliminary injunction hindered Fairhurst's ability to fully perform his work was buttressed by Fairhurst's resignation from his position with defendant one month prior to this Court's order. In our view, these allegations and the timing of Fairhurst's resignation render defendant's counterclaim viable under CPLR 6312 (b).

Finally, we find Supreme Court to have properly preserved defendant's counterclaim seeking damages for lost business. Although defendant's response to its verified bill of particulars contained no detail concerning lost sales or contracts, the right to supplement such response was specifically reserved. For this reason, dismissal of this counterclaim was not warranted.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's cross motion to dismiss defendant's counterclaims; cross motion denied in its entirety; and, as so modified, affirmed.