■ In the Matter of DEAN SCHAFFER et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN/VILLAGE OF HARRISON et al., Respondents, and HARRY WEISS, Intervenor-Appellant. [803 NYS2d 644]—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town/Village of Harrison, dated August 7, 2003, which, after a hearing, denied the petitioners' application for an area variance from a 100-foot buffer setback, the intervenor, Harry Weiss, appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), entered January 26, 2004, which granted the petition, annulled the determination, and directed the respondent Zoning Board of Appeals of the Town/Village of Harrison to issue the requested variance.

Ordered that the appeal is dismissed as academic, with costs.

The intervenor failed to move in this Court for a preliminary injunction to preserve the status quo of the subject swimming pool construction project pending the determination of this appeal. The subject swimming pool project is now complete, as a valid variance and building permit was issued by the Zoning Board of Appeals of the Town/Village of Harrison after the Supreme Court granted the petition (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 728-729 [2004]). Under the circumstances of this case the appeal must be dismissed as academic (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., supra; Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,* 98 NY2d 165, 172-173 [2002]; *Matter of Mehta v Town of Montour Zoning Bd. of Appeals,* 4 AD3d 657 [2004]; *Matter of Imperial Improvements v Town of Wappinger Zoning Bd. of Appeals,* 290 AD2d 507 [2002]). Moreover, none of the exceptions to the mootness doctrine are applicable here (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715 [1980]). H. Miller, J.P., Ritter and Rivera, JJ., concur.

Spolzino, J., dissents and votes to reverse the judgment, deny the petition, and dismiss the proceeding, with the following memorandum: This appeal concerns the apparently pedestrian question of the propriety of a judgment directing the Zoning Board of Ap-

peals of the Town/Village of Harrison to grant a variance permitting the construction of a swimming pool within a perimeter buffer. The proceeding arises, however, in the context of a significant and continuing dispute over the authority of the Zoning Board of Appeals to vary conditions imposed by the Town's Planning Board in approving the conservation subdivision in which the subject property is located. Because of the significance of that dispute, and because of the limited hardship that would result if the swimming pool in question were required to be removed or filled in, I believe that this dispute falls within the narrow class of cases in which the substantial completion of a construction project does not render moot the issue of the propriety of the approval (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,* 98 NY2d 165 [2002]). I would, therefore, reach the merits and, upon doing so, reverse the judgment of the Supreme Court on the ground that the Zoning Board of Appeals was without authority to grant the variance (*see Marx v Zoning Bd. of Appeals of Vil. of Mill Neck,* 137 AD2d 333 [1988]). Accordingly, I dissent.