*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    519271
_____

CITIZENS FOR ST. PATRICK'S
    et al.,
                        Appellants,

        v                                    MEMORANDUM AND ORDER

CITY OF WATERVLIET CITY COUNCIL
    et al.,
                        Respondents.
_____

Calendar Date:  January 7, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        McMahon, Kublick & Smith, PC, Syracuse (Rosemary Nichols, Watervliet, of counsel), for appellants.

        Goldman Attorneys, PLLC, Albany (Paul J. Goldman of counsel), for City of Watervliet City Council, respondent.

        Whiteman, Osterman & Hanna, LLP, Albany (Robert L. Sweeney of counsel), for Nigro Companies, Inc. and another, respondents.

_____

Rose, J.

        Appeal from an order of the Supreme Court (O'Connor, J.), entered July 22, 2013 in Albany County, which granted defendants' motions for summary judgment dismissing the amended complaint.

        In 2012, defendant PCP Watervliet, LLC, a subsidiary of defendant Nigro Companies (hereinafter collectively referred to as Nigro), purchased a parcel of property in the City of Watervliet, Albany County from the Roman Catholic Diocese of Albany County.  The parcel contained a church, school and rectory

that were no longer in use and, as part of its plan to demolish the buildings and replace them with a 40,000 square-foot grocery store and two additional retail commercial buildings, Nigro petitioned defendant City of Watervliet City Council to rezone the parcel from residential to commercial. After a series of public meetings and an environmental review pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), the City issued a negative declaration and amended its zoning map as requested. The individual plaintiffs, who reside in the City, and plaintiff Citizens for St. Patrick's, an unincorporated advocacy group opposed to the demolition of the church buildings, commenced this action challenging the negative declaration and rezoning of the property by alleging that the City failed to comply with SEQRA requirements, engaged in illegal spot zoning and violated the Open Meetings Law. Supreme Court denied plaintiffs' motion for a preliminary injunction in March 2013 and thereafter granted motions by the City and Nigro for summary judgment dismissing the action on the ground that none of the plaintiffs have standing. Eight of the individual plaintiffs and Citizens for St. Patrick's (hereinafter collectively referred to as plaintiffs) appeal.[1]

The burden is on plaintiffs to establish the threshold determination of standing (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]). In our view, plaintiffs Carol Falaro and Patrick Falaro have presumptively established their standing to challenge the City's determinations because their residence is located immediately across the street from Nigro's parcel and, accordingly, they will suffer direct harm different from the general public, even without allegations of individual harm (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413-414 [1987]; Matter of Cade v Stapf, 91 AD3d 1229, 1230 [2012]; Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 9 AD3d 651, 652

_____

   [1] Twelve of the 20 individual plaintiffs have withdrawn from the action and are not parties to the appeal.

[2004]).[2]

Nevertheless, plaintiffs' challenges to the SEQRA and rezoning determinations are moot because they did not seek any injunctive relief from this Court during the pendency of this appeal, the church buildings have been demolished and the grocery store is now fully constructed and operational (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]; Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172-173 [2002]; Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d 1475, 1477 [2012]; Matter of Stockdale v Hughes, 189 AD2d 1065, 1068 [1993]).[3]  Moreover, the rezoning determination has been superseded by the City's September 2013 adoption of a new zoning code in which Nigro's use of the parcel is permitted as a right, and plaintiffs have not raised any challenge to that code (see Matter of Orsi v Board of Appeals of Town of Bethlehem, 3 AD3d 698, 701 [2004]; East

---

[2]  The remaining individual plaintiffs do not make any allegations that would support a finding that they have standing, nor does Citizens for St. Patrick's make any allegation that any of its individual members have any injury different from the general public so as to give it organizational standing (see Matter of Finger Lakes Zero Waste Coalition, Inc. v Martens, 95 AD3d 1420, 1421 [2012], lv denied 19 NY3d 811 [2012]).

[3]  In a related proceeding pursuant to CPLR article 78, the petitioners — who are some of the plaintiffs in this case — sought to suspend the demolition permits issued by the City to Nigro.  The petitioners therein moved for a preliminary injunction, which Supreme Court denied.  The petitioners then appealed to this Court and moved for a temporary restraining order and preliminary injunction pending appeal; the temporary restraining order was granted after a $10,000 bond was posted, but we ultimately denied the preliminary injunction (see Matter of Citizens for St. Patrick's v City of Watervliet Zoning Bd. of Appeals, 2013 NY Slip Op 71041[U] [2013]).  For unexplained reasons, the petitioners therein apparently failed to perfect their appeal in that proceeding.

Clinton Developers v Town of Clinton, 88 AD2d 581, 581 [1982]). Accordingly, plaintiffs' request that the rezoning determination be voided based on alleged violations of the Open Meetings Law (see Public Officers Law §§ 103, 104, 105, 107) is also moot. Even assuming that issues of fact exist as to the City's compliance with the Open Meetings Law, plaintiffs' claim that they are entitled to costs and counsel fees for the alleged violations is meritless inasmuch as they may not recover for "purely technical and non-prejudicial infractions" (Matter of Gordon v Village of Monticello, 87 NY2d 124, 127-128 [1995]). Finally, plaintiffs have not alleged that any of their claims fall within the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of Schaffer v Zoning Bd. of Appeals of Town/Vil. of Harrison, 22 AD3d 501, 501 [2005]; Matter of Fallati v Town of Colonie, 222 AD2d 811, 813 [1995]).

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court