*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 23, 2015                    519426
_____

In the Matter of CITIZENS FOR
    ST. PATRICK'S et al.,
                    Appellants,
        v                                  MEMORANDUM AND ORDER

CITY OF WATERVLIET ZONING BOARD
    OF APPEALS et al.,
                    Respondents.
_____


Calendar Date:   May 29, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.


_____


        Rosemary Nichols, Watervliet, and McMahon, Kublick & Smith,
PC, Syracuse (Jan S. Kublick of counsel), for appellants.

        Goldman Attorneys PLLC, Albany (Paul J. Goldman of
counsel), for City of Watervliet Zoning Board of Appeals and
another, respondents.

        Whiteman Osterman & Hanna, LLP, Albany (Robert L. Sweeney
of counsel), for PCP Watervliet, LLC, respondent.


_____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (O'Connor, J.),
entered July 17, 2014 in Albany County, which, among other
things, in a proceeding pursuant to CPLR article 78, granted a
motion by respondent PCP Watervliet, LLC for damages sustained as
a result of a temporary restraining order.

        In 2012, respondent PCP Watervliet, LLC (hereinafter
respondent) purchased certain real property located in the City

of Watervliet, Albany County with the intention of demolishing the buildings contained thereon, including a church, school and rectory, and constructing a Price Chopper supermarket. Petitioners, a citizens advocacy group, thereafter commenced a declaratory judgment action seeking, among other things, to rescind the judicial authorization for the sale of the property. Petitioners' efforts in this regard proved to be unsuccessful (Citizens for St. Patrick's v Saint Patrick's Church of W. Troy, 117 AD3d 1213 [2014]), as was their challenge to the subsequent rezoning of the parcel (Citizens for St. Patrick's v City of Watervliet City Council, 126 AD3d 1159 [2015]).

Respondent City of Watervliet Building Inspector thereafter issued permits authorizing asbestos abatement and demolition of the subject buildings, prompting petitioners to seek administrative relief from respondent City of Watervliet Zoning Board of Appeals. Additionally, petitioners moved by order to show cause seeking, among other things, to suspend the relevant permits during the pendency of the administrative appeal. Supreme Court, among other things, denied petitioners' application for a preliminary injunction and granted respondent leave to apply for sanctions and costs, including reasonable counsel fees, pursuant to 22 NYCRR 130-1.1.

Petitioners appealed to this Court and, in conjunction therewith, moved for a temporary restraining order and a preliminary injunction pending appeal. Petitioners' request for a temporary restraining order was granted by a Justice of this Court upon the posting of a $10,000 bond. One week later, this Court denied petitioner's request for a preliminary injunction, and petitioners apparently did not perfect the subject appeal (Citizens for St. Patrick's v City of Watervliet City Council, 126 AD3d at 1160 n 3).

Demolition of the church ensued, and Supreme Court thereafter dismissed the underlying petition for failure to state a cause of action.[1] Supreme Court also denied respondent's

---

[1]  Petitioners apparently did not appeal from the resulting judgment.

request for sanctions and costs, finding that petitioners'
litigation – although "somewhat disjointed" – was not frivolous.
Respondent then moved by order to show cause for damages – in the
form of counsel fees – incurred as a result of the issuance of
the temporary restraining order, citing CPLR 6315.  Supreme
Court, among other things, granted respondent's application,
prompting this appeal by petitioners.[2]

     We affirm.  Although an undertaking is required where a
party is seeking a preliminary injunction (see CPLR 6312 [b]) and
discretionary where a party is seeking a temporary restraining
order (see CPLR 6313 [c]), the same general principles apply.
Hence, once there is a final determination that the moving party
was not entitled to injunctive relief, the moving party will be
liable under the bond for all damages and costs that were
incurred by reason thereof (see Marietta Corp. v Pacific Direct,
Inc., 9 AD3d 815, 817 [2004]).  Such damages, in turn, "may be
ascertained upon motion on such notice to all interested persons
as the court shall direct" (CPLR 6315).

     Here, petitioners contend that CPLR 6315 does not
contemplate the recovery of damages consisting solely of counsel
fees.  The record reflects, however, that petitioners failed to
advance this argument in opposition to respondent's application
for such fees under CPLR 6315; accordingly, this issue is
unpreserved for our review (see Tverskoy v Ramaswami, 83 AD3d
1195, 1198 [2011]; Kamp v Fiumera, 69 AD3d 1168, 1170 [2010]).[3]
Moreover, the case law makes clear that "attorneys' fees incurred
in a successful effort to vacate a restraining order may be
recoverable damages under CPLR 6315" (Shu Yiu Louie v David &

_____

     [2]  Following a hearing, Supreme Court awarded respondent
damages in the sum of $10,000 – the full amount of the bond
previously posted.

     [3]  We reach a similar conclusion regarding petitioners'
claim – raised for the first time at oral argument before this
Court – that, inasmuch as it was this Court that granted the
temporary restraining order, respondent erred in seeking counsel
fees from Supreme Court in the first instance.

Chiu Place Rest., 261 AD2d 150, 152 [1999]; see Marietta Corp. v Pacific Direct, Inc., 9 AD3d at 817; A & M Exports v Meridien Intl. Bank, 222 AD2d 378, 380 [1995]; Matter of Kaplan v Werlin, 215 AD2d 387, 388 [1995], appeal dismissed 86 NY2d 884 [1995], lv denied 87 NY2d 806 [1996]; Hanley v Fox, 90 AD2d 662, 662-663 [1982]). Hence, contrary to petitioners' assertion, Supreme Court did not err in granting respondent's application in this regard.

Petitioners' remaining arguments do not warrant extended discussion. To the extent that petitioners assert that respondent is not entitled to counsel fees under CPLR 6315 because Supreme Court previously denied respondent's request for costs and sanctions under 22 NYCRR 130-1.1, we need note only that respondent's respective applications in this regard were brought under separate statutory/regulatory provisions that, in turn, impose distinctly different burdens upon the party seeking an award of counsel fees thereunder. Accordingly, the mere fact that Supreme Court denied respondent relief under the frivolous litigation standard embodied in 22 NYCRR 130-1.1 in no way barred respondent's subsequent request for counsel fees under CPLR 6315. Finally, to the extent that petitioners' Civil Rights Law claim has been preserved for our review, we find it to be lacking in merit.

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court