Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v City of Schenectady (2019 NY Slip Op 09342)





Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v City of Schenectady


2019 NY Slip Op 09342


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

528075

[*1]In the Matter of Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, et al., Appellants,
v
City of Schenectady et al., Respondents.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (David J. Friedman of counsel), for appellants.
Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for respondents.



Clark, J.P.
Appeal from a judgment of the Supreme Court (Kramer, J.), entered November 7, 2018 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
On December 14, 2017, respondent Gary R. McCarthy — Mayor of respondent City of Schenectady (hereinafter the Mayor) — issued an executive order in which he delegated to the Commissioner of Public Safety his authority "to remove officers and employees of the . . . Buildings Department, which constitutes the Office of the Building Inspector and Bureau of Code Enforcement" (see Schenectady City Charter § C13-3 [J]). That same day, respondent Michael Eidens — the City's Commissioner of Public Safety (hereinafter the Commissioner) — enacted regulation No. 2017-1, which stated that, effective immediately, the Office of the Building Inspector and Bureau of Code Enforcement, as constituting the Buildings Department, shall be under his "direct jurisdiction, supervision, administration, disposition, discipline and control." A few weeks later, in January 2018, the Commissioner enacted regulation No. 2018-1 to "outline the process for conduct of [d]isciplinary [p]roceedings of the Buildings Department (Office of the Building Inspector and the Code Enforcement Bureau)." Regulation No. 2018-1 expressly stated that it was enacted pursuant to Second Class Cities Law §§ 131, 133 and 137, Schenectady City Charter § C4-1, the Mayor's delegation of authority and "designation of the Office of Building Inspector and Bureau of Code Enforcement as the Buildings Department."
In April 2018, petitioners — a labor union representing employees in the Office of the Building Inspector and Bureau of Code Enforcement and the union's leadership — commenced this CPLR article 78 proceeding to challenge the executive order and regulation No. 2018-1 as being unconstitutional, unlawful and/or arbitrary and capricious. Petitioners asserted that the executive order unlawfully merged the Office of the Building Inspector and Bureau of Code Enforcement to create a new department, the Buildings Department, which, in turn, brought the employees of the Office of the Building Inspector and Bureau of Code Enforcement under the jurisdiction of the Commissioner (see Second Class Cities Law §§ 131, 133), who would not have otherwise had such jurisdiction. They further alleged that regulation No. 2018-1 unlawfully impaired and diminished the disciplinary rights and procedures set forth in their negotiated collective bargaining agreement, thereby violating the Contracts Clause of the US Constitution. In lieu of answering, respondents moved to dismiss the petition, arguing that petitioners lacked standing to challenge the executive order and that petitioners failed to state a claim. Upon the parties' written submissions and following oral argument, Supreme Court granted respondents' motion to dismiss, finding that petitioners failed to state a claim. Petitioners appeal.
Despite having been raised by respondents, Supreme Court did not address the issue of whether petitioners have standing to challenge the executive order. "[S]tanding is a threshold determination and a litigant must establish standing in order to seek judicial review, with the burden of establishing standing being on the party seeking review" (Rudder v Pataki, 246 AD2d 183, 185 [1998], affd 93 NY2d 273 [1999]; see Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 50 [2019]; Citizens for St. Patrick's v City of Watervliet City Council, 126 AD3d 1159, 1160 [2015]). A petitioner challenging governmental action must "show 'injury in fact,' meaning that [the petitioner] will actually be harmed by the challenged [governmental] action[,]" and, further, that the injury "fall[s] within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the [governmental entity] has acted" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; see Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d at 50). For an organization to have standing, it must establish "'that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members'" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d at 50, quoting New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 211).
Petitioners allege that the Mayor unlawfully engaged in a legislative act by creating the Buildings Department and that this unlawful legislative act brought the union's members under the auspices/jurisdiction of the Commissioner, who used that unlawful grant of authority to enact a regulation that respondents have relied on to supplant the members' negotiated rights regarding disciplinary proceedings, as set forth in the applicable collective bargaining agreement. In our view, these allegations would, if proven, demonstrate the requisite harm flowing from the executive order, which would fall within the zone of interests (compare Rudder v Pataki, 93 NY2d 273, 278-280 [1999]; Matter of Eaton Assoc. v Egan, 142 AD2d 330, 334 [1988]). Accordingly, we find that petitioners have pleaded sufficient facts which, if proven, would establish their standing to challenge the executive order (see Matter of Maisano v Spano, 5 AD3d 774, 775 [2004]).
Further, accepting the facts alleged in the petition as true, as we must on a motion to dismiss (see Stega v New York Downtown Hosp., 31 NY3d 661, 664 [2018]; Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]), we find that petitioners have stated a valid claim in each of the three claims asserted in the petition. Contrary to respondents' contentions, petitioner's claims are not precluded as a matter of law by the relevant precedent from the Court of Appeals (see Matter of City of Schenectady v New York State Pub. Empl. Relations Bd., 30 NY3d 109 [2017]; Matter of Town of Wallkill v Civil Serv. Empls. Assn., Inc. [Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836], 19 NY3d 1066 [2012]; Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d 563 [2006]). In view of the foregoing, Supreme Court should have denied respondents' motion to dismiss the petition.
Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court's decision.