■ In the Matter of DONALD SCHUPAK, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF MARBLETOWN et al., Respondents. [819 NYS2d 335]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (McCarthy, J.), entered July 6, 2005 in Ulster County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Marbletown granting a request by respondent Saddlebrook Development, LLC for a building permit.

In this CPLR article 78 proceeding, petitioner seeks to annul a determination by respondent Zoning Board of Appeals of the Town of Marbletown (hereinafter ZBA) that respondent Raymond C. Van Kleeck, the Town's Code Enforcement Officer, properly issued a building permit to respondent Saddlebrook Development, LLC. The challenged permit allows Saddlebrook to construct a single-family home on the subject property, which is adjacent to petitioner's property. Petitioner asserted that, under the Town's zoning code, a building could not be constructed on Saddlebrook's lot because it was less than three acres in size. Moreover, petitioner claimed that the subject property was altered after a 1991 boundary dispute, rendering inapplicable a grandfather clause in the 1986 zoning provisions allowing buildings to be constructed on preexisting undersized lots. Petitioner thus sought a preliminary injunction to prevent Saddlebrook from proceeding with construction. Supreme Court ultimately dismissed the petition and petitioner now appeals.[1]

We affirm. As a preliminary matter, we are unpersuaded by Saddlebrook's claim that this appeal is moot. In determining whether Saddlebrook's apparent substantial completion of the construction work renders petitioner's challenge moot, we must consider whether petitioner "requested injunctive relief . . . to preserve the status quo" (*Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush*, 16 AD3d 715, 717 [2005]; *see Matter of Dreikausen v Zoning Bd. of*

---

1. This Court subsequently denied petitioner's motion for a stay pending appeal.

*Appeals of City of Long Beach,* 98 NY2d 165, 173 [2002]). Further, although we should evaluate "how far the work has progressed towards completion" (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.,* 2 NY3d 727, 729 [2004]), relief remains available "even after completion of the project" because "structures . . . most often can be destroyed" (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, supra* at 172; *see Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]). Here, petitioner applied for injunctive relief from Supreme Court and moved for a stay pending appeal, placing Saddlebrook on notice that its labor in digging a foundation and erecting walls was undertaken at its own risk. Consequently, we conclude that the proceeding is not moot (*see Matter of Save Our Forest Action Coalition v City of Kingston,* 246 AD2d 217, 220 [1998]; *Matter of Watch Hill Homeowners Assn. v Town Bd. of Town of Greenburgh,* 226 AD2d 1031, 1032 [1996], *lv denied* 88 NY2d 811 [1996]).

Turning to the merits, it is well settled that a ZBA's "determination must be supported by 'substantial evidence' " (*Matter of Sasso v Osgood,* 86 NY2d 374, 385 n 2 [1995] [citations omitted]). Upon our review of the record, we find substantial evidence to support the ZBA's determination that the permit was properly issued under the zoning code's grandfather clause. Petitioner's argument to the contrary stems from the fact that, during the 1991 boundary dispute, he paid Saddlebrook's predecessors in interest $35,000 as consideration for a boundary line modification agreement, adjusting the boundary between the properties by .025 acres.[2] Petitioner asserts that the agreement reflects a transfer of a portion of the subject property to him, altering the lot and thereby rendering the grandfather clause inapplicable. The record demonstrates, however, that the agreement merely clarified the common boundary of the property as it had always existed and that the $35,000 was reimbursement solely for expenses incurred and personal damages, not for the land itself. Thus, record evidence supports the ZBA's conclusion that no conveyance occurred and the subject property did not lose its preexisting, nonconforming status.

Finally, petitioner's claim that the ZBA's determination should be annulled because one of the board members was employed by a real estate firm that had a business relationship with Saddlebrook lacks merit. "[T]he mere fact of employment

---

**2.** Because petitioner never recorded this agreement, the actual boundary of the subject property was not reflected in Saddlebrook's initial deed, requiring a correction deed to be subsequently issued.

or similar financial interest does not mandate disqualification of the public official involved in every instance" (*Matter of Heustis v Town of Ticonderoga Planning Bd.*, 11 AD3d 868, 870 [2004], quoting *Matter of Parker v Town of Gardiner Planning Bd.*, 184 AD2d 937, 938 [1992], *lv denied* 80 NY2d 761 [1992]). While the board member in question admitted that, as an independently licensed real estate broker she has had associations with a real estate agency that had listed properties for both Saddlebrook and petitioner, she further averred that she has no ownership interest in the real estate agency, receives no salary or employee benefits from it and has had no direct dealings with either petitioner or Saddlebrook. In our view, no conflict of interest requiring her recusal existed (*see* General Municipal Law § 809 [2]; *Matter of Parker v Town of Gardiner Planning Bd., supra* at 938; *see also Matter of Byer v Town of Poestenkill*, 232 AD2d 851, 854 [1996]).

We have considered the remaining issues and find them to be meritless.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.