Matter of City of Ithaca v New York State Dept. of Envtl. Conservation (2020 NY Slip Op 06322)





Matter of City of Ithaca v New York State Dept. of Envtl. Conservation


2020 NY Slip Op 06322


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

529392

[*1]In the Matter of City of Ithaca et al., Appellants,
v
New York State Department of Environmental Conservation et al., Respondents.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Lippes & Lippes, Buffalo (Richard J. Lippes of counsel), for appellants.
Letitia James, Attorney General, Albany (Meredith G. Lee-Clark of counsel), for New York State Department of Environmental Conservation, respondent.
Barclay Damon LLP, Syracuse (Kevin G. Roe of counsel), for Cargill Incorporated, respondent.



Aarons, J.
(1) Appeal from a judgment of the Supreme Court (Rowley, J.), entered April 22, 2019 in Tompkins County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Environmental Conservation granting the request of respondent Cargill Incorporated to modify a mining permit, and (2) motion to take judicial notice of certain documents.
In August 2017, respondent Department of Environmental Conservation (hereinafter DEC) granted respondent Cargill Incorporated a permit to construct a surface shaft. Petitioners commenced this CPLR article 78 proceeding in December 2017 challenging DEC's determination to issue the permit. During the proceeding, petitioners moved to compel the disclosure of certain discovery. In October 2018, Supreme Court denied the motion. In an April 2019 judgment, the court dismissed the petition, prompting this appeal by petitioners.[FN1]
As an initial matter, DEC contends that petitioners City of Ithaca, Town of Ithaca, Town of Ulysses and Village of Union Springs lacked capacity to sue because they are municipalities and, therefore, are prohibited from commencing a proceeding challenging the actions of the state.[FN2] Even if we agreed with DEC, the merits of the petition would still be properly before us given that other individuals, who are non-municipal entities, are named petitioners and DEC does not challenge their capacity to bring this proceeding.
Cargill contends that the appeal should be dismissed as moot. "[T]he doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]). Whether the controversy has become moot requires the consideration of various factors, including how far the construction work has progressed towards completion, whether the work was undertaken in bad faith or without authority and whether the substantially completed work cannot be readily undone without substantial hardship (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 728-729 [2004]). A chief consideration to be assessed is whether the challenger to the construction work "fail[ed] to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (id. at 729 [internal quotation marks and citation omitted]).
This Court has been advised that, during the pendency of the underlying proceeding and this appeal, the construction of the surface shaft has been completed to the point that it cannot be safely halted and that substantial construction costs have been incurred. Furthermore, there is no indication that petitioners promptly sought injunctive relief to maintain the status quo (see Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d 1475, 1477-1478 [2012]; Matter of Save the Pine Bush v City Engr. of City of Albany, 220 AD2d 871, 872 [1995], lv denied 87 NY2d 807 [1996]; compare Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1485 [2019]) or that Cargill proceeded with the construction in bad faith or without the authority to do so (see Matter of Mehta v Town of Montour Zoning Bd. of Appeals, 4 AD3d 657, 658 [2004]). Based on the foregoing, petitioners' appeal is moot (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 728-729; Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d at 1478; Matter of Many v Village of Sharon Springs Bd. of Trustees, 234 AD2d 643, 644 [1996], lv denied 89 NY2d 811 [1997]; compare Matter of Mirabile v City of Saratoga Springs, 67 AD3d 1178, 1180 [2009]). Contrary to petitioners' argument, the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Finally, in view of our determination, petitioners' motion to take judicial notice of certain documents is denied as academic.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.
ORDERED that the motion is denied, as academic, without costs.



Footnotes

Footnote 1: To the extent that petitioners assert that Supreme Court erred in denying their motion to compel certain discovery, the October 2018 order is not reviewable in their appeal from the April 2019 judgment because such order does not necessarily affect the final judgment (see CPLR 5501 [a] [1]).

Footnote 2: Contrary to petitioners' assertion, DEC may raise this argument as an alternative ground for affirmance without having to cross-appeal from the April 2019 judgment (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, 220 AD2d 90, 94 [1996], lv denied 88 NY2d 815 [1996]).