Matter of Bothar Constr., LLC v Dominguez (2022 NY Slip Op 00346)





Matter of Bothar Constr., LLC v Dominguez


2022 NY Slip Op 00346


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

532559
[*1]In the Matter of Bothar Construction, LLC, et al., Appellants,
v
Marie Therese Dominguez, as Commissioner of Transportation, et al., Respondents.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Couch White, LLP, Albany (Joel M. Howard III of counsel), for appellants.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for Commissioner of Transportation and others, respondents.
Adams LeClair, LLP, Rochester (Richard T. Bell Jr. of counsel), for Crane Hogan Structural Systems, Inc., respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered October 27, 2020 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint.
In May 2019, respondent Department of Transportation (hereinafter DOT) solicited bids to construct a 3.1-mile segment of the Empire State Trail in Onondaga County. Although petitioner CCI Companies, Inc. submitted the lowest bid, DOT rejected all bids without explanation. In August 2019, DOT rebid the project after modifying the bid specifications. Approximately three weeks later, DOT supplemented the specifications requiring potential bidders to include a project labor agreement.[FN1] CCI, as an open-shop employer,[FN2] elected not to submit a bid for this modified project. In September 2019, the project was awarded to the lowest bidder, respondent Crane Hogan Structural Systems, Inc. Shortly thereafter, CCI filed a protest with respondent Bureau of Contracts, a unit of respondent Office of the State Comptroller (hereinafter OSC), alleging that DOT illegally included the project labor agreement in the bid specifications, thus increasing the cost of the project by $1.6 million despite the purportedly smaller scope of specifications. In December 2019, OSC denied CCI's protest and approved the award of the contract to Crane Hogan.
In August 2020, petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging OSC's protest determination, seeking a declaration that the project labor agreement constituted an unlawful waste of taxpayer funds and to vacate and annul the contract. Petitioners also moved to temporarily enjoin the performance of the contract and payment of state funds pursuant to the contract. Supreme Court (Platkin, J.) denied the motion for injunctive relief. Thereafter, respondents moved to dismiss the petition/complaint contending, among other things, that petitioners lacked standing and their claims were time-barred. Supreme Court (McGrath, J.) granted respondents' motions finding that petitioners lacked standing. This appeal by petitioners ensued.
Respondents contend that this appeal should be dismissed as moot because the project is substantially complete. "Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002] [citation omitted]). Where a change in circumstances involves the substantial completion of construction, "courts must consider several factors, including whether the challengers sought preliminary injunctive relief or otherwise attempted to preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Town of N. Elba v Grimditch, [*2]131 AD3d 150, 156-157 [2015] [internal quotation marks, brackets and citations omitted], lv denied 26 NY3d 903 [2015]). Although injunctive relief is theoretically available, as a project can be dismantled, courts consider how far the work has progressed toward completion in determining mootness (see Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d 1475, 1477 [2012]). A determination of mootness is fact-driven (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 173).
Crane Hogan received approval of the contract and notice to proceed on December 20, 2019. It began construction in February 2020 by cutting down trees and removing vegetation. In March 2020, it began excavating the shoulder and roadway and replaced curbs and sidewalks. Construction has proceeded for two years and approximately $17.7 million out of the $19 million in funds allocated to the project have been disbursed. This project involves a six-lane major thoroughfare in the City of Syracuse, Onondaga County, and has been disruptive to traffic and adjacent businesses. Although petitioners sought injunctive relief in August 2020, this was eight months after the contract was awarded and six months after construction began. Petitioner did not seek any injunctive relief from this Court.
Petitioners did not make sufficient efforts to preserve the status quo and safeguard their rights. Petitioners only sought to stay construction once, six months after construction commenced (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]; Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d 1485, 1487 [2019]; Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d at 1477]). Although petitioners assert that they did not delay seeking injunctive relief, as the typical construction season in New York runs from April to November and the statute of limitations was tolled at the time, the construction season is extremely dependent upon the weather and fluctuates according to the weather conditions. It is not unusual for construction to begin in February and continue through December. The ongoing construction was highly visible to the public and to petitioners. Furthermore, staying the statute of limitations did not stay construction (compare Town of N. Elba v Grimditch, 131 AD3d at 157, Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown, 31 AD3d 1018, 1020 [2006], appeal dismissed 8 NY3d 842 [2007], and Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush, 16 AD3d 715, 717 [2005], with Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d at 1487).
Moreover, we see no evidence that the work was performed in bad faith, as Crane Hogan waited almost two months to begin construction after the contract was approved. Additionally, the work that has [*3]been completed could not easily be undone without undue hardship, as the removal of curbs and sidewalks would once again disrupt traffic patterns and commercial driveways and negatively impact adjacent business owners' livelihoods (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729; Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 173-174; Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 747 [2012], affd 20 NY3d 919 [2012]). Further, we are unpersuaded that the exception to the mootness doctrine applies as there are no novel issues or public interest considerations such as environmental concerns warranting continuing review. Likewise, a controversy with similar issues is not likely to evade court review to justify our departure from the standard rules of mootness (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). Under these circumstances, we find that the appeal is moot and must be dismissed (see Matter of E.W. Tompkins Co., Inc. v Board of Trustees of Clifton Park-Halfmoon Pub. Lib., 27 AD3d 1046, 1047-1048 [2006], lv denied 7 NY3d 704 [2006]; Matter of Paden v Planning Bd. of Town of Mamakating, 270 AD2d 626, 626 [2000]).
Garry, P.J., Lynch and Aarons, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: A project labor agreement is a pre-bid contract between a construction project owner and one or more labor unions that establishes the terms and conditions of employment for the project.

Footnote 2: An open-shop employer does not require its employees to join or financially support a union as a condition of employment.