Matter of Kopald v New York Pub. Serv. Commn. (2022 NY Slip Op 02315)

Matter of Kopald v New York Pub. Serv. Commn.

2022 NY Slip Op 02315

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

529641
[*1]In the Matter of Deborah Kopald, Appellant,
v
New York Public Service Commission et al., Respondents.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Deborah Kopald, Fort Montgomery, appellant pro se.
Robert Rosenthal, Public Service Commission, Albany (John C. Graham of counsel), for New York Public Service Commission, respondent.
James D. Wong, New York City, for Orange and Rockland Utilities, Inc., respondent.

Clark, J.
Appeals (1) from a judgment of the Supreme Court (Young, J.), entered January 7, 2019 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission approving a request by respondent Orange and Rockland Utilities, Inc. to deploy advanced metering infrastructure throughout its service territory, and (2) from an order of said court, entered December 11, 2020 in Albany County, which denied petitioner's motion to, among other things, vacate the judgment.
Respondent Orange and Rockland Utilities, Inc. (hereinafter O & R) filed a petition for authorization of a program advancement proposal with respondent Public Service Commission (hereinafter the PSC) seeking, among other things, authorization to fully deploy advanced metering infrastructure (hereinafter AMI), or "smart meters," throughout O & R's service territory (hereinafter the AMI program). In November 2017, upon review of O & R's petition and following notice and comment (see generally State Administrative Procedure Act § 202 [1]), the PSC approved the petition in pertinent part. Petitioner, who at all times has been self-represented, requested rehearing (see generally 16 NYCRR 3.7), asserting that, for several reasons, the PSC erred as a matter of law in failing to hold a hearing on O & R's petition (see generally Public Service Law § 66 [12] [f]; State Administrative Procedure Act § 301; 6 NYCRR 617.2 [al]; 16 NYCRR 7.2 [a]) and that several new circumstances warranted a different determination. Ultimately, the PSC denied petitioner's request in full.
Petitioner then commenced this CPLR article 78 proceeding seeking to annul the PSC's determination. In the alternative, petitioner sought an order directing the PSC to either conduct an AMI pilot program and hold hearings thereon or grant petitioner's request for rehearing and, in either circumstance, temporarily stay further installation of smart meters pending the issuance of the PSC's new ruling. Following joinder of issue and certain motion practice, including a request by petitioner to stay the rollout of the AMI program pending disposition of her application, Supreme Court dismissed the application in its entirety. Petitioner later moved to vacate the court's judgment or, alternatively, renew. Respondents opposed her motion, and Supreme Court denied it. Petitioner appeals from the dismissal of her application and the denial of her postjudgment motion.
O & R contends that these appeals should be dismissed as moot because, during the 30 months that petitioner took to perfect her appeals, O & R moved forward with the AMI program in good faith, completing the approved deployment of smart meters in October 2020. "The jurisdiction of [a court] extends only to live controversies," and "where changed circumstances prevent [the court] from rendering a decision which would effectually determine an actual controversy between [*2]the parties involved, [the court] will dismiss the appeal" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003] [internal quotation marks and citations omitted], cert denied 540 US 1017 [2003]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]). Where the change in circumstances involves the completion or substantial completion of a construction project, "courts have found several factors significant in evaluating claims of mootness," but "[c]hief among them has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172-173 [2002]; see Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 749-752 [2012], affd 20 NY3d 919 [2012]). "Factors weighing against mootness may include whether a party proceeded in bad faith and without authority" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 173 [citations omitted]; see Matter of City of Ithaca v New York State Dept. of Envtl. Conservation, 188 AD3d 1322, 1323 [2020], lv denied 37 NY3d 906 [2021]), and we must also consider whether the work can be "readily undone, without undue hardship" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 173; see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]).
In November 2017, O & R received the requisite approval to proceed with the AMI program, and, as noted, this Court has been advised that the program rollout was completed in October 2020. According to O & R, by project end, it had installed 373,639 smart meters and spent a total of $87.4 million. Although petitioner sought a stay in Supreme Court (see CPLR 7805), she sought no further injunctive relief after the court dismissed her application in its entirety (see CPLR 5519 [c]), and the circumstances here did not result in an automatic stay (see CPLR 5519 [a]). Despite her readily apparent awareness of the need to preserve her rights during the pendency of litigation, petitioner also failed to seek injunctive relief from this Court.
Although petitioner is correct that relief in circumstances such as these is theoretically always available, as any project can be dismantled, in our view, O & R would suffer undue hardship if directed to undo its installation and integration of hundreds of thousands of smart meters, no doubt at a substantial financial loss, in addition to the resultant hardship of having to provide its customers with replacement metering infrastructure and/or systems, at yet additional expense. Considering O & R's authority to move forward with the AMI program and petitioner's failure to sufficiently safeguard her rights at each stage of this proceeding, we find that her [*3]appeals have been rendered moot by the completed deployment of smart meters in O & R's service territory (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729-730; Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d 1485, 1485-1487 [2019]; Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d at 748-752; Matter of Riverkeeper, Inc. v Johnson, 52 AD3d 1072, 1073-1074 [2008], lv denied 11 NY3d 716 [2009]). Although not argued by petitioner, we also find the exception to the mootness doctrine to be inapplicable (see Matter of Bothar Constr., LLC v Dominguez, 201 AD3d 1231, 1234 [2022]; Matter of Riverkeeper, Inc. v Johnson, 52 AD3d at 1074; Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 920 [2005]). Petitioner's appeals must therefore be dismissed.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.