Matter of ENP Assoc., LP v City of Ithaca Bd. of Zoning Appeals (2023 NY Slip Op 03520)

Matter of ENP Assoc., LP v City of Ithaca Bd. of Zoning Appeals

2023 NY Slip Op 03520

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

532245 533970 
[*1]In the Matter of ENP Associates, LP, Appellant,
v
City of Ithaca Board of Zoning Appeals et al., Respondents, et al., Respondents. (Proceeding No. 1.) (And Two Other Related Proceedings.)
In the Matter of ENP Associates, LP, Appellant,
v
City of Ithaca Board of Zoning Appeals et al., Respondents, and Lux Ithaca Holdings, LLC, et al., Respondents. (Proceeding No. 4.)

Calendar Date:May 3, 2023 

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Mark A. Schlechter of counsel), for appellant.
Aaron O. Levine, City Attorney, Ithaca (Robert A. Sarachan of counsel), for City of Ithaca Board of Zoning Appeals, respondent.
Weaver Mancuso Brightman PLLC, Rochester (John A. Mancuso of counsel), for Lux Ithaca Holdings, LLC, respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the Supreme Court (Joseph A. McBride, J.), entered October 8, 2020 in Tompkins County, which, among other things, in three proceedings pursuant to CPLR article 78, granted motions by respondents Lux Ithaca Holdings, LLC and City of Ithaca Board of Zoning Appeals to dismiss the petitions against them, and (2) from a judgment of said court, entered August 17, 2021 in Tompkins County, which, in proceeding No. 4 pursuant to CPLR article 78, granted certain respondents' motions to dismiss the petition against them.
Many of the facts underlying these appeals are set forth in our decision in a related matter (EPG Assoc., LP v Cascadilla Sch., 194 AD3d 1158 [3d Dept 2021], lv dismissed 37 NY3d 1103 [2021]). Briefly, petitioner owns real property abutting Summit Avenue, a short, dead-end roadway in the City of Ithaca, Tompkins County, while the adjacent property (hereinafter the subject property) over which Summit Avenue runs has been owned by a variety of entities during the relevant period. In 2017, after the then-owner of the subject property blocked a portion of Summit Avenue on the property in preparation for constructing an apartment complex there, petitioner commenced an action contending, among other things, that it had a right of unobstructed access to Summit Avenue because the roadway was either a public street or subject to a right-of-way in its favor. In March 2018, Supreme Court (Faughnan, J.) determined that petitioner did not have an easement running over the southern portion of Summit Avenue, which is the portion on the subject property that had been blocked. In December 2019, Supreme Court (McBride, J.) granted summary judgment dismissing the "remaining cause of action, [and] determining that Summit Avenue was a private roadway, not a public street" (id. at 1159). Upon petitioner's appeal from the December 2019 order, this Court affirmed in May 2021 (id. at 1159-1161).
While the proceedings in that lawsuit were ongoing, an entity acting on behalf of respondent Lux Ithaca Holdings, LLC, the then-owner of the subject property, sought an area variance allowing construction of structures on the subject property that deviated from the lot coverage and setback requirements of the City of Ithaca Zoning Ordinance. Respondent City of Ithaca Board of Zoning Appeals (hereinafter BZA) granted the requested variance in October 2019, prompting petitioner to commence a CPLR article 78 proceeding against, among others, the BZA and Lux. The BZA granted a second area variance in February 2020 that accounted for changes made to the project design to ensure that the City of Ithaca Fire Department could access the subject property. Petitioner commenced a second CPLR article 78 proceeding challenging that determination. The BZA and Lux separately moved, in lieu of serving answers, to dismiss the petitions. In an October 2020 judgment, Supreme Court granted those motions.[FN1]
Thereafter, the BZA granted a third area variance in [*2]April 2021 that also addressed lot coverage and setback requirements and was needed for a requested subdivision of the subject property and the issuance of a building permit. Petitioner commenced another CPLR article 78 proceeding to challenge that determination. Lux and two related entities, respondents Visum Development Group, LLC and Visum Development Holdings Corp. (hereinafter collectively referred to as respondents) moved to dismiss the petition in lieu of serving an answer, and the BZA separately moved for that relief. In an August 2021 judgment, Supreme Court granted those motions. Petitioner appeals from the October 2020 and August 2021 judgments and, upon its motion, we consolidated the two appeals in April 2022 (see 2022 NY Slip Op 64237[U] [3d Dept 2022]).
Respondents argue that, because the apartment complex on the subject property is now substantially complete, petitioners' challenges to the variances granted by the BZA are moot.[FN2] Although "the doctrine of mootness may be invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy, where the change concerns the completion of construction," the completion itself is not dispositive since the constructed structure could still be demolished, and "courts must consider several factors, including whether the challengers sought preliminary injunctive relief or otherwise attempted to preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Town of N. Elba v Grimditch, 131 AD3d 150, 156 [3d Dept 2015] [internal quotation marks, brackets and citation omitted], lvs denied 26 NY3d 903 [2015]; see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]; Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d 1475, 1477 [3d Dept 2012]). Other "[f]actors weighing against mootness may include whether a party proceeded in bad faith and without authority," whether "novel issues or public interests such as environmental concerns warrant continuing review," and whether "a challenged modification [in a property's use] is readily undone, without undue hardship" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173 [2002]; see Matter of Kopald v New York Pub. Serv. Commn., 204 AD3d 1108, 1109 [3d Dept 2022], lv denied 39 NY3d 957 [2022]; Matter of City of Ithaca v New York State Dept. of Envtl. Conservation, 188 AD3d 1322, 1323-1324 [3d Dept 2020], lv denied 37 NY3d 906 [2021]).
Petitioner here first sought to assert a right to use Summit Avenue over the subject property in 2017 and, since 2018, has attacked the area variances granted by the BZA, in large part, because the BZA failed to properly assess the effect that the requested variances would have upon that use. During that time, however, petitioner made no effort to secure its continued use of Summit [*3]Avenue or to stop construction activity at the subject property before Supreme Court, aside from an unsuccessful effort to obtain a stay or temporary injunctive relief during the pendency of the second proceeding. Petitioner thereafter failed, despite the fact that respondent had obtained all necessary approvals and begun construction on the subject property, to seek a stay before this Court or otherwise ensure that these appeals were promptly heard. To the contrary, petitioner had to move to vacate the dismissal of its appeal from the October 2020 judgment because it failed to perfect that appeal in a timely fashion, then delayed the resolution of that appeal further by asking that it be removed from the April 2022 calendar of this Court and consolidated with the appeal from the August 2021 judgment. Counsel for respondents represented in their brief that, during the extended pendency of these appeals, the apartment complex was substantially completed and a temporary certificate of occupancy was issued in August 2022. Counsel further advised us at oral argument that the apartment complex is now entirely complete, that a final certificate of occupancy was issued in March 2023, and that it is at 100% occupancy.
The foregoing leaves no doubt that petitioner made minimal efforts to maintain the status quo, that "construction on the [apartment] complex has long since been completed, and indeed much of it has been leased out and is occupied," and that the construction of the apartment complex at the subject property cannot be undone without causing undue hardship to both respondents and the tenants now residing there (Matter of Stockdale v Hughes, 189 AD2d 1065, 1068 [3d Dept 1993]; see Matter of Granger Group v Zoning Bd. of Appeals of Town of Taghkanic, 62 AD3d 1102, 1103-1104 [3d Dept 2009]; cf. Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1485 [3d Dept 2019]). There is no indication that the construction proceeded in bad faith or without authority, as respondents obtained the necessary approvals to build the apartment complex, and the "ongoing construction was visible to all and certainly did not involve 'a race to completion' " (Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d at 1478, quoting Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 172; see Matter of City of Ithaca v New York State Dept. of Envtl. Conservation, 188 AD3d at 1324). Moreover, because we have already determined in our May 2021 decision that Summit Avenue is not a public street and that petitioner does not have a right-of-way over the portion at issue here, we do not agree with petitioner that these appeals implicate novel issues or public interests (see Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d at 1478). Thus, the appeals are moot and, as the exception to the mootness doctrine is inapplicable, they are dismissed.
Lynch, Clark, Pritzker and Ceresia, JJ., concur.
ORDERED [*4]that the appeals are dismissed, as moot, without costs.

Footnotes

Footnote 1: The BZA and Lux also sought to dismiss a third CPLR article 78 proceeding, also challenging the February 2020 determination, that was not commenced by petitioner. Supreme Court dismissed that proceeding as well in its October 2020 judgment, and that aspect of the judgment is not at issue here.

Footnote 2: Lux moved to dismiss the appeals as moot and, in October 2022, we denied that motion without prejudice to raising the issue on argument of the appeals (see 2022 NY Slip Op 73339[U] [3d Dept 2022]).