Matter of Kern v Adirondack Park Agency (2024 NY Slip Op 00101)

Matter of Kern v Adirondack Park Agency

2024 NY Slip Op 00101

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

535816
[*1]In the Matter of Suzanne Carrillo Kern et al., Appellants,
v
Adirondack Park Agency et al., Respondents.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Braymer Law, PLLC, Glens Falls (Claudia K. Braymer of counsel), for appellants.
Letitia James, Attorney General, Albany (Joshua M. Tallent of counsel), for Adirondack Park Agency, respondent.
McPhillips, Fitzgerald & Cullum LLP, Glens Falls (Dennis J. Phillips of counsel), for Paul Leinwand and another, respondents.
Whiteman Osterman & Hanna LLP, Albany (Philip H. Gitlen of counsel), for Adirondack Council, Inc., amicus curiae.
Patterson Belknap Webb & Tyler LLP, New York City (Philip R. Forlenza of counsel), for Upper Saranac Foundation, amicus curiae.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Richard B. Meyer, J.), entered June 29, 2022 in Essex County, which partially dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review, among other things, determinations of respondent Adirondack Park Agency approving plans for development of a subdivision and amending a prior building permit.
Respondent Adirondack Park Agency (hereinafter APA) is charged with regulating land use and development on private lands in the Adirondack Park. In 1988, the APA granted a permit to developer Deerwood Associates authorizing the creation of new lots, as relevant here designated as lots 6 through 10, known as the Deerwood subdivision along the shoreline of Upper Saranac Lake in the Town of Santa Clara, Franklin County. The permit authorized construction of one principal building on each lot and prohibited tree cutting or other disturbance of the wetlands without prior APA approval. Additionally, lots 9 and 10 were to share a common sewage area upslope of the lake, approximately 1,000 feet east of lot 9. In December 2020, respondents Paul Leinwand and Maria Cicarelli (hereinafter collectively referred to as respondents), purchased lot 9. In January 2021, respondents applied to amend the 1988 permit conditions, to allow construction of an on-site wastewater treatment system. In June 2021, the APA granted their application and amended the 1988 permit to allow the construction.
Petitioners, a group of local residents opposing respondents' construction plans, commenced this instant combined CPLR article 78 proceeding and action for declaratory judgment in July 2021 seeking to vacate the amendment to the 1988 permit. Concurrent with their filing of the proceeding/action, petitioners moved, by way of order to show cause, for a temporary restraining order which prohibited respondents from cutting trees, disturbing wetlands and constructing the wastewater treatment system. Supreme Court signed this order and subsequently amended it by vacating all provisions except the provision that prohibited respondents from constructing the wastewater treatment system. In a June 2022 judgment, the court severed petitioners' fifth cause of action seeking a declaratory judgment for access to the walking paths on respondents' property, dismissed petitioners' remaining claims and vacated the restraining order. Petitioners appeal.
This Court has been advised that during the pendency of this appeal, the construction of the on-site wastewater treatment system has been completed. As such, respondents contend that the appeal should be dismissed as moot.[FN1] "As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (City of New York v Maul, 14 NY3d 499, 507 [2010] [internal quotation marks and citation omitted]). "Whether the controversy has become moot requires the [*2]consideration of various factors, including how far the construction work has progressed towards completion, whether the work was undertaken in bad faith or without authority and whether the substantially completed work cannot be readily undone without substantial hardship" (Matter of City of Ithaca v New York State Dept. of Envtl. Conservation, 188 AD3d 1322, 1323 [3d Dept 2020] [citation omitted], lv denied 37 NY3d 906 [2021]). Chief among the factors to be considered "has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004] [internal quotation marks and citation omitted]).
Although petitioners initially sought to prevent the commencement of construction of the on-site wastewater treatment system during the pendency of the combined proceeding/action via a temporary restraining order and injunction, petitioners have made no effort to prevent the construction from commencing or continuing during this appeal. Petitioners were acutely aware that Supreme Court vacated the temporary restraining order and construction of the wastewater treatment system could have been observed by petitioners as one of them is the adjoining landowner to respondents. Despite this, petitioners failed to seek any further injunctive relief. Moreover, petitioners did not quickly perfect their appeal, seeking two extensions. Removal of the wastewater treatment system would cause respondents undue hardship as they have expended significant funds installing the system (see Matter of ENP Assoc., LP v City of Ithaca Bd. of Zoning Appeals, 217 AD3d 1285, 1288 [3d Dept 2023]; Matter of City of Ithaca v New York State Dept. of Envtl. Conservation, 188 AD3d at 1323-1324). It is equally clear that respondents possessed the appropriate variance and permits and cannot be said to have proceeded with the construction in bad faith or without authority (see Matter of Granger Group v Zoning Bd. of Appeals of Town of Taghkanic, 62 AD3d 1102, 1104 [3d Dept 2009]; Matter of Mehta v Town of Montour Zoning Bd. of Appeals, 4 AD3d 657, 658 [3d Dept 2004]).
Contrary to petitioners' argument, the exception to the mootness doctrine does not apply (see Matter of City of Ithaca v New York State Dept. of Envtl. Conservation, 188 AD3d at 1324; Matter of Kowlaczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d 1475, 1478 [3d Dept 2012]). Petitioners argue that their ecological concerns with respect to further development of the property will recur due to respondents' intentions to apply in the future for permission to cut trees and construct a boathouse and will likely evade judicial review. The 1988 permit remains in effect, including the prohibition on tree cutting or other disturbance of the wetlands without prior APA review and approval[*3]. As such, any future development and construction will remain subject to the APA's oversight and is not likely to evade judicial review. Nor are we persuaded that petitioners have identified a public interest warranting review, in arguing that the APA should have treated this application and resultant amended permit as a new proceeding and, in so doing, reevaluated the category of wetland involved here. Assuming, arguendo, that petitioners are correct in all of their assertions made pursuant to this argument, the record demonstrates that the APA did not limit its assessment to a particular category, but found respondents' system "compatible with preservation of the entire wetland" (see Matter of ENP Assoc., LP v City of Ithaca Bd. of Zoning Appeals, 217 AD3d at 1289; Matter of Kowlaczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d at 1478).
Clark, J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: In July 2023, respondents filed their briefs arguing that the appeal is moot, attaching addendums in support of said argument. In September 2023, petitioners moved to strike the addendums, and the motion was denied.