Patterson v State of New York (2025 NY Slip Op 00136)

Patterson v State of New York

2025 NY Slip Op 00136

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-2196
[*1]Jannette Patterson et al., Appellants,
v
State of New York et al., Respondents.

Calendar Date:November 13, 2024

Before:Aarons, J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Zuckerman Spaeder LLP, New York City (Devon Galloway of counsel), for appellants.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for State of New York and others, respondents.
Greenberg Traurig, LLP, Albany (Henry M. Greenberg of counsel), for New York Racing Association, Inc., respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), entered October 12, 2023 in Albany County, which granted defendants' motions to dismiss the complaint, and declared that chapter 59, part X, of the Laws of 2023 is constitutional.
Defendant State of New York is the owner of three thoroughbred horse racetracks and pari-mutuel wagering facilities: Aqueduct Racetrack in Queens County, Belmont Park Racetrack in Nassau County and Saratoga Race Course in Saratoga County. As part of the state's budget for fiscal year 2024, the Legislature appropriated $455 million to renovate the Belmont Park Racetrack and repurpose the Aqueduct property (see L 2023, ch 59, part X, § 1). The appropriation was made to the New York State Urban Development Corporation (see L 2023, ch 54, § 1, at 1063-1064) and was required to be repaid by defendant New York Racing Association, Inc. (hereinafter NYRA), a nonprofit corporation that holds a 25-year franchise to operate the racetracks (see L 2023, ch 54, § 1, at 1064; Racing, Pari-Mutuel Wagering and Breeding Law § 206 [2]). The funds were to be used by NYRA to replace Belmont Park's grandstand and clubhouse, install new racing surfaces to allow for year-round racing and create a 500% increase in green space, among other improvements (see L 2023, ch 59, part X, § 2). Pursuant to NYRA's repayment agreement, it was required to move Aqueduct racing to Belmont Park and relinquish its leasehold on the Aqueduct property, allowing the state to redevelop the $1 billion site (see L 2023, ch 59, part X, §§ 2, 3).
In June 2023, plaintiffs, two resident taxpayers, commenced the instant action against NYRA, the State, Governor, State Assembly, State Senate, Comptroller and office of the Comptroller. Plaintiffs sought declaratory and injunctive relief, claiming that the appropriation violates the NY Constitution's prohibition on giving or lending public funds in aid of a private undertaking (see NY Const, art VIII, § 1). They also moved, by order to show cause, to preliminarily enjoin the commencement of the Belmont renovations. Defendants filed motions to dismiss the complaint. Supreme Court gave notice that it intended to treat defendants' motions as seeking summary judgment and allowed plaintiffs to make further submissions. The court ultimately denied plaintiffs' application for a preliminary injunction, granted judgment in defendants' favor and declared the appropriation to be constitutional. Plaintiffs appeal.
Given that this action has been rendered moot, the appeal must be dismissed. "As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker, 205 AD3d 1193, 1196 [3d Dept 2022], mod 42 NY3d 46 [2024] [internal quotation marks and citations omitted]; see Matter of Clean Air Coalition of W. N.Y., Inc. v New York State Pub. Serv. Commn., 226 AD3d 108[*2], 113 [3d Dept 2024]). In cases involving construction projects, various factors are considered, "including how far the construction work has progressed towards completion, whether the work was undertaken in bad faith or without authority and whether the substantially completed work cannot be readily undone without substantial hardship" (Matter of Kern v Adirondack Park Agency, 223 AD3d 990, 991 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of ENP Assoc., LP v City of Ithaca Bd. of Zoning Appeals, 217 AD3d 1285, 1287 [3d Dept 2023], lv denied 40 NY3d 910 [2024]). "Chief among [the factors] has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173 [2002] [citations omitted]; accord Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]).
We begin by acknowledging that plaintiffs sought a preliminary injunction in Supreme Court. However, this alone does not suffice, and plaintiffs' failure to make any attempt to preserve the status quo by seeking injunctive relief in this Court in the year since filing their notice of appeal weighs heavily toward a finding that the matter is moot (see Matter of Kern v Adirondack Park Agency, 223 AD3d at 992; Citizens for St. Patrick's v City of Watervliet City Council, 126 AD3d 1159, 1160 [3d Dept 2015]; Matter of Fallati v Town of Colonie, 222 AD2d 811, 813 [3d Dept 1995]; see also Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 749-750 [1st Dept 2012], affd 20 NY3d 919 [2012]). Meanwhile, extensive work has been performed that could not be undone without substantial hardship, as the former, quarter-mile-long grandstand has been demolished. Belying any claim that the construction has been undertaken without authority or in bad faith, NYRA has obtained all the necessary regulatory approvals, "and the ongoing construction [has been] visible to all and certainly [does] not involve a race to completion" (Matter of ENP Assoc., LP v City of Ithaca Bd. of Zoning Appeals, 217 AD3d at 1288 [internal quotation marks and citations omitted]). Thus, upon consideration of the pertinent factors and the particular circumstances presented herein, a finding of mootness is warranted.
Notwithstanding the foregoing, plaintiffs argue that the mootness doctrine does not apply because they are not seeking to challenge the renovation project itself but, rather, the allocation of public funds to the project. As an initial matter, we disagree that a challenge to a project's funding is necessarily discrete from the project itself for purposes of this analysis (see e.g. Matter of Bothar Constr., LLC v Dominguez, 201 AD3d 1231, 1232 [3d Dept 2022]; Matter of Weeks Woodlands Assn[*3]., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d at 747). Moreover, the record in this case reflects that the project and its funding are inseparable. The sworn affidavit of NYRA's Executive Vice President of Operations and Capital Projects, Glen Kozak, indicates that the improvements and renovations to Belmont Park would not be possible without state financing, and plaintiffs have submitted nothing contradicting Kozak's affidavit. While plaintiffs contend that NYRA and the state defendants could pursue other public or private funding mechanisms, such claims are speculative and unsupported by the record.
Finally, we are unpersuaded that the exception to the mootness doctrine applies. Recognizing that we recently dealt with a similar constitutional question in Matter of Schulz v State of New York (216 AD3d 21, 28 [3d Dept 2023], appeal dismissed 40 NY3d 1004 [2023], cert denied ___ US ___, 144 S Ct 1461 [2024]), this appeal does not present novel issues that are likely to evade review.
Aarons, J.P., Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.